IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

### EASTERN DISTRICT.
### NEW-ORLEANS, JANUARY, 1838.

---

MORTON *vs.* GRAHAM.

placeholder

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

p2

EASTERN DIST.
*Jan.* 1838.

MORTON
*vs.*
GRAHAM.

The *service* of citation and petition of appeal after the return day, is
irregular, and would be fatal if objected to in the written motion and
prayer for the dismissal of the appeal.

But the appearance of the appellee cures all irregularities in the service of
the citation of appeal, except those which are stated in the written
application for dismissal.

A joint obligation, in which the plaintiff signed jointly with a partnership
firm, cannot be set up as a claim in reconvention against a demand of
the plaintiff in his own right.

So, a plea in compensation, cannot be sustained against *one* of several joint
obligors; and a partnership debt cannot be opposed in compensation to
an individual claim of one of the partners.

57

This is an action to recover the net amount of sales of mules and horses belonging to the plaintiff, and sold by the defendant, on his order, and on his account. According to a letter of the defendant, annexed to the petition, the amount admitted to be due, and which is claimed in this suit, is eight hundred and ninety-four dollars.

The defendant denied being indebted in the manner set forth in the petition. He then pleaded in reconvention a written obligation of the plaintiff, and the firm of Boughan & Co., to deliver him, in New-Orleans, cotton of the value of twelve hundred dollars, and also a promissory note, alleged to be signed by the plaintiff and Boughan & Co., for the sum of two thousand seven hundred and eighty-three dollars, due the 7th August, 1833.

He prays that the plaintiff, whom he alleges resides in Mississippi, be cited according to law, to answer his reconventional demand, and that a copy of the petition and citation be served on his attorney in this state, and that he have judgment over against the plaintiff for the amount of his reconventional demand.

The plaintiff took a rule on defendant, to show cause why the reconventional demand should not be stricken from the answer, as not necessarily connected with, nor incidental to the plaintiff's demand. The rule was made absolute, and the reconventional demand stricken off accordingly.

The defendant filed a supplemental answer, and pleaded the same two demands, or obligations, in compensation.

On a rule to show cause, taken by the plaintiff, the plea in compensation, as respects the claim for the delivery of twelve hundred dollars worth of cotton, was set aside ; and the one on the promissory note of A. Boughan & Co., signed also by the plaintiff as joint obligor with the firm, was retained.

The plaintiff in answer to the demand in compensation, averred, that the claim for the delivery of the cotton has been sued on in the state of Mississippi, and that he obtained judgment in his favor against the defendant, which was confirmed by the highest state tribunal, and is now a bar to any further action thereon. He further avers, the note cannot be

offered in compensation, because it appears on the face of it that he is only a joint obligor with the firm of A. Boughan & Co. He prays that all the pleas in compensation be dismissed, and that he have judgment for the amount of his demand.

Upon these pleadings and issues the case was tried.

The plaintiff proved his demand, and also showed by the record of a suit in the state of Mississippi, that the cotton claim, pleaded in compensation, had been litigated between the parties to the present suit ; that the present plaintiff had judgment in his favor, which has the effect of *rem judicatem.*

The court was of opinion, the second plea in compensation could not be sustained. Judgment was rendered in favor of the plaintiff, for the amount of his demand, rejecting all the pleas in compensation. The defendant appealed.

The return day of this appeal was fixed for the third Monday of April, 1837, and the record was filed the 24th of the same month. At the time of filing the record, the appellee was not cited, and on the 1st day of May, his counsel filed his motion to dismiss the appeal for want of service of citation. On the 6th day of May, following, service of citation and petition of appeal was made on the attorney for the appellee, the latter residing out of the state. The motion in writing to dismiss was filed *before any servic*e of citation was made.

*I. W. Smith,* for the plaintiff, moved to dismiss the appeal by filing a written statement, claiming the dismissal " on the ground, that the plaintiff *was not cited,* nor served with a copy of the petition of appeal. If overruled he submits the case on the merits, and prays for the affirmance of the judgment below."

*Lockett, contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff and appellee demands the dismissal of the appeal, on the ground "that he was not cited, nor served with

a copy of the petition of appeal." The sheriff's return shows that a copy of the petition and citation were served on the appellee, by being handed to the attorney of the plaintiff and appellee, who resided out of the state. The place of the appellee's residence appears not only by the return of the sheriff, but also by the original petition, which informs us that the plaintiff resides in the state of Mississippi.

*The service of citation and petition of appeal after the return day, is irregular, and would be fatal if objected to in the written motion and prayer for the dismissal of the appeal. But the appearance of the appellee cures all irregularites in the service of the citation of appeal, except those which are stated in the written application for dismissal.*

The record, however, shows, and it has been insisted, that the citation was *irregularly* served; that is to say, after the return day of the appeal.

The appeal was returnable on the third Monday of April, and the citation was not served until the 6th of May. This would have been fatal, if it had been objected to in the written prayer for the dismissal of the appeal; but the plaintiff's appearance cures all the irregularities in the service of the citation, except those which are stated in the written application for dismissal. The others are waived by the appearance, and the prayer for the affirmance of the judgment, if the objection relied on be overruled. The appeal, therefore, ought not to be dismissed.

On the merits, it appears the suit was instituted to recover the net proceeds of a sale of a number of mules, belonging to the plaintiff, by the defendant. The defendant pleaded the general issue, and claimed in reconvention a sum of twelve hundred dollars, on an obligation of plaintiff to deliver him cotton, which the former had neglected to do; and further, the amount of a promissory note, of a firm of which the plaintiff is alleged to be a member. Whereupon, on motion of the plaintiff, the pleas in reconvention were stricken out. On this, a supplemental answer was filed, in which the defendant urged in compensation what he had urged in reconvention in the original. On motion of plaintiff, the plea of compensation, relating to the obligation to deliver cotton, was stricken out, and that which related to the note of the firm, was, on the opposition of the defendant, retained.

The plaintiff now replied, that the defendant's claim, offered in compensation, was prosecuted in the state of Mississippi, where there was a final judgment against him,

on it; and further, that the note sued on is a joint one, subscribed by the firm of which the plaintiff is a member only, and cannot be offered against one, in which the defendant is the sole obligor.

There was judgment in favor of the plaintiff, for the sum claimed, the Parish Court expressing its opinion, that the "plea of compensation in regard to the note had been adjudicated," and that, "with regard to the plaintiff's liability as a partner, if it be the case, no compensation can be maintained, as a partnership debt cannot be set off against an individual claim." The defendant appealed.

It appears to us, the plaintiff clearly established his claim for the net proceeds of the sale of the mules.

The plaintiff subscribed the obligation to deliver cotton, and the promissory note, as a joint obligor with the firm; and the judge *a quo* correctly held, that on a joint obligation all the obligors must be made parties. *Louisiana Code*, 2080. A plea of compensation cannot be sustained against any one of the obligors. He rightfully declined the inquiry, whether the plaintiff was a member of the firm, because a partnership debt cannot be opposed in compensation of the individual claim of one partner.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

*Eastern Dist.*
*Jan.* 1838.

So, a plea in compensation cannot be sustained against one of several joint obligors; and a partnership debt cannot be opposed in compensation to an individual claim of one of the partners.