Fagan *vs.* Moriarty and Waggaman.

## No. 5974.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

*Louque* for Plaintiff Appellee.

DE BLANC delivered the opinion affirming the judgment.

## No. 7771.

APPEAL from the Fifth District Court of New Orleans. ROGERS, J.

*Bartlette* for Plaintiff. *Ellis & Ellis* for Defendants Appellants.

MARR, J., delivered the opinion, denying the motion.

## No. 7653.

### DANIEL FAGAN VS. D. MORIARTY AND WAGGAMAN, SHERIFF.

When the petition of appeal contains no prayer for citation, and none has been issued, the appeal must be dismissed. Where citation is prayed, the duty of the clerk is to issue it. Where citation is not prayed, but it is issued and served, the defect in the

Fagan *vs.* Moriarty and Waggaman.

petition is cured. If the citation had been issued before the return day but not served, this court would grant time for service upon application and a proper shewing. But citation cannot be issued and served after the return day, when none was asked or issued before the return day.

APPEAL from the Sixth District Court of New Orleans. RIGHTOR, J.

*Fellows* for Plaintiff Appellant. *McGloin & Nixon* for Defendant.

MARR, J. On the petition of plaintiff an appeal was granted to him on the second of June, returnable on the first Monday of November, 1879. On the return day, appellant obtained an extension of time, until the 17th of November, on the certificate of the clerk that the transcript had not been completed for want of time; and on the 17th an additional extension was granted, on the certificate of the clerk that the transcript had not been completed, on account of the sickness of the clerk engaged in preparing it.

In the petition there is no prayer for citation; nor is there either in the petition, or in the order of appeal any mention of or reference to citation. On the 19th November, two days after the order granting the second extension, citations of appeal were issued; and they were served on the defendants on the day they were issued. These citations required the defendants to appear on the first Monday of November, to answer the appeal returnable on that day. They now move to dismiss for want of proper citation.

In Williamson *v.* Spencer, 8 N. S. 673, the court held that the service of citation after the return day was irregular; and the appeal was dismissed. See also, to the same effect, Morton *v.* Graham, 11 La. 452; Bradford *v.* Erwin, 11 La. 509; Code of Practice, Art. 583.

In Gerodias *v.* Handy, 31 A. 334, in accordance with what we believe to be the settled jurisprudence, this court held that where the petition contains no prayer for citation, and none has been issued or served, the appeal must be dismissed.

Where citation is prayed for, it is the duty of the clerk to issue it. Where citation is not prayed for, but it is issued, the defect in the petition is covered. In either case, this court, on proper application and showing, would grant the appellant time to have the citation served, if it had been issued before the return day; but we know of no case in which it has been held that citation may be issued and

served after the return day, when none was asked for or issued before the return day. The citation which is issued and served after the return day, where none was asked for or issued before, is equivalent to no citation; and where the appeal is taken, as this was, after the expiration of the term at which the judgment was signed, citation is indispensable.

In Walker *v.* Martols, 16 La. 50; Pratt *v.* Erwin 5 A. 115: Bolling *v.* Anderson, 10 A. 650, and Gerodias *v.* Handy, 31 A. 334, it was expressly decided that where citation was not prayed for by appellant, and none issued, the fault was to be imputed to the appellant, and not to the clerk.

There was ample time between the date of the order granting the appeal, 2d of June, and the return day, 3d of November, five months, for the citing of defendants; and it is the fault of appellant that they were not duly cited.

The case, therefore, does not fall within the terms of section 19 of the Act of 1839 No. 53, amending the Code of Practice; and the motion to dismiss must prevail.

*The appeal is therefore dismissed at the costs of appellant.*