M’Girk, C. J.,
delivered the opinion of the Court.
The plaintiffs were sued before a Justice of the Peace, and had judgment rendered against them, in favor of John Keesacker, from which judgment they appealed to the Circuit Court. At the trial of the cause in the Circuit Court, the appellee appeared, and moved to have the appeal dismissed, for an informality in the appeal bond. The Court adjudged the bond a good one, and overruled the motion made by the appellee, but the Court thereupon required the appellants to prove, that due noiice had been given to the appellee of the appeal, and for want of such proof, dismissed the ajipeal; to reinstate which, the plaintiffs have prayed for a mandamus. A rale to show cause was served on the Circuit Court, at its last July term, to *434 which, on behalf of said Court, there has been no return or appearance. The only question presented for the consideration of this Court, is, whether the appearance of the appellee, in his motion to dismiss the appeal, was such an appearance as to preclude him from objecting to the want of notice, which must, in the opinion of this Court, be answered in the affirmative. The appearance of a party to any regular steps in the progress of a cause, must he taken as an acknowledgment or waiver of notice that such cause was about to be prosecuted. The only object of notice is to enable the party to come in prepared to defend himself, or resist the measure proposed to bo taken, and to enable him to be prepared. The notice in every case (according to the circninstancds and objects) should be reasonable, or such as the law, in the particular case, may prescribe. Should it be otherwise, the party appearing may object for that causo. But. a party may waive notice, and impliedly, as well as expressly, consent to appear to the subject matter of the suit or motion j and in the case in Court, the conduct of the appellee Í3 equivalent to an acknowledgment or waiver of notice.
Let the cause, therefore, be remanded to the Circuit Court, who is hereby commanded to reinstate the appeal of the plaintiffs, and to proceed therein in conformity with this opinion.