COVELL v. MOSELY,

### Elliott F. Covell v. Charles Mosely and others.

*Chancery practice: When appeal will be dismissed: Appeal bond.* When the return to an appeal in chancery is filed, before the motion to dismiss is called on, it will not be dismissed, in the absence of gross negligence.

The claim of appeal forms no necessary part of an appeal. The filing of the bond, properly approved, is the only condition required by law; but it is valid only for those parties in whose behalf it purports to have been filed.

*When no bond filed. Amendment.* A party in whose behalf no bond has been filed can not be allowed to file one after the time for appeal has expired. The statute allowing bonds to be amended does not reach the case of such an omission.

*Costs on motion to dismiss, when allowed.* On a motion to dismiss, where it appears that the party in default, on being notified, offered at once to do all that justice required, no costs will be awarded against them.

*Heard and decided July 9th.*

Appeal in Chancery from Kent Circuit.

Motion to dismiss for want of prosecution.

An appeal was taken by a portion of the defendants, and in giving directions to the clerk for making a return, he was, by mistake, ordered only to return so much of the record as embraced the matters in which those defendants were concerned.

Upon the filing of this imperfect return, notice of a motion to dismiss was made, and the parties at once, on receiving such notice, directed the clerk to make a further return, and offered to the appellee to pay the costs of the motion.

This further return was made before the motion was reached.

A claim of appeal was filed in the name of three defendants, but an appeal bond was filed only on behalf of two of them.

COVELL v. MOSELY.

The motion was based on the imperfection of the original return, and on the variance between the claim of appeal and the appeal bond.

Upon the hearing of the motion, the defendant, who had failed to file any appeal bond, offered to file a new or amended bond, under the statute referred to in *Beebe v. Young*, 13 *Mich.* 221.

*A. Pond*, for appellant.

*A. E. Cowles*, for appellee.

PER CURIAM.

It has always been held by this court that unless in case of gross negligence, no appeal will be dismissed where the return is filed before the motion to dismiss is called on.

In this case, the parties being apprised of the irregularity of the return, at once took such steps as were in their power to have the mistake rectified.

They are not, therefore, in fault, and the appeal can not be dismissed on that ground.

The claim of appeal forms no necessary part of an appeal, and the filing of a bond, properly approved, is the only condition required by law. This bond is a valid bond of appeal for those parties in whose behalf it purports to have been filed, and the fact that all the parties whose names appear in the claim for appeal have not joined in it, can not invalidate it as to those parties who did not join. As to them, therefore, the appeal is valid, and the motion to dismiss must be denied, and inasmuch as upon being notified they at once offered to do all that justice required, no costs will be awarded against them.

Lena Young, one of the defendants, not having joined in the bond, and the bond not appearing to have been made in her behalf, she can not be regarded as having

appealed. There being no bond in her behalf, there is nothing to amend; and having lost her appeal by lapse of time, it is out of the power of this court to relieve her.

Motion on her behalf denied.