[No. 1588, July 25, 1913.]

FARMERS' DEVELOPMENT COMPANY, Plaintiff in Error, v. RAYADO LAND & IRRIGATION COMPANY, Defendant in Error.

### SYLLABUS (BY THE COURT)

1. Under section 14, chapter 57, S. L. 1907, the giving of a bond for costs, where no supersedeas bond is given, is essential to perfect an appeal or writ of error, and where a plaintiff in error has failed to file a cost bond, within thirty days from the time he sues out his writ of error, and advantage is taken of such default, by defendant in error, before it is cured, the writ of error will be dismissed.

P. 140

2. The Constitution, sec. 3, art. VI, having conferred upon

JANUARY TERM, 1913.                139

Devl. Co. v. Land Co., 18 N. M. 138.

the Supreme Court the power to issue writs of error and providing for the issuance of the writ by "direction of the court or by any justice thereof," such writ can only be issued in the manner therein provided.

                                                        P. 141

3. Chapter 57, S. L. 1907, should be read, as if amended by section 3, art. VI, of the Constitution.

                                                        P. 142

Error to the District Court of Colfax County; Thomas D. Leib, District Judge; writ of error dismissed.

## OPINION OF THE COURT.

ROBERTS, C. J.—This cause was in the court heretofore, on appeal, which was dismissed, because of defective and insufficient assignments of error. (See former opinion, vol. 18, p. 1.) After the dismissal of the appeal, this writ of error was issued by the clerk of the Court upon a praecipe therefor, filed in his office, in accordance with the provisions of section 3, chapter 57, S. L. 1907. Defendant in Error, seeks by motion, to have the writ of error dismissed upon the following grounds, viz:—

1. That there has been no cost bond filed by Plaintiff in Error.

2. That the writ of error was not granted by the Supreme Court or a justice thereof.

3. That the said cause, having been carried to the Supreme Court by appeal in Case No. 1528, and thereafter dismissed, it could not thereafter be taken up for review by writ of error.

The questions presented will be considered in the order stated.

1. The writ of error was sued out May 30, 1913. On July 3rd, thereafter, no cost bond had been filed, and defendant in error, because of such default, moved that the writ of error be dismissed. Section 14 of chapter 57, S. L. 1907, provides as follows:

"Cost bond to be given. Whenever an appeal is taken to the Supreme Court or writ of error sued out, by any other party, than an executor or administrator, the Territory or other municipal corporation, and no bond for supersedeas is given as hereinafter provided, the appellant or plaintiff in error, shall, within thirty days from the time of taking such appeal or suing out such writ of error, file with the District Court, in case of appeal, and with the clerk of the Supreme Court, in cases of writs of error, a bond with sufficient sureties qualified as in other cases, to the effect that the appellant or plaintiff in error shall pay all costs that may be adjudged against him on said appeal or writ of error, said bonds to be approved by the respective clerks, as supersedeas bonds are approved."

By the section quoted, it will be observed, that the giving of a bond for costs, where no supersedeas bond is given, is essential to perfect an appeal or writ of error. **1** It is one of the essential steps required by the statute, and the general rule is that "acts required by the statute to perfect an appeal are jurisdictional and must be strictly complied with to vest the appellate court with power to entertain the appeal." 1 Ency. Pl. & Pr. 966. And the rule applies to appeal bonds. While some of the courts hold that the failure to give a bond may be waived, no question of waiver is involved in this case, as plaintiff in error has never tendered or offered to file the required bond. And it would appear, on principle, that the omission could not be cured by a later compliance with the statute after a motion to dismiss for such failure had been filed.

Covell v. Mosely, 15 Mich. 514; Perkins v. Cooper, 25 Pac. 411, (Cal.) ; 2 Cyc. 849 and cases cited; Tedrick v. Wells, 38 N. E. 625, (Ill.)

Plaintiff in error, having failed to file a bond within the time required by the statute, and such requirement not having been waived by defendant in error, the motion to dismiss, because of such failure, is well taken.

The second ground stated in the motion should be settled for the benefit of litigants, although not essential to a

JANUARY TERM, 1913.                    141

Devl. Co. v. Land Co., 18 N. M. 138

disposition of this case. Sec. 3, chap. 57, S. L. 1907, provided:

"The clerk of the Supreme Court shall issue a writ of error to bring into the Supreme Court any cause adjudged or determined in any of the Districts Courts, as provided in section 1 of this act, upon a praecipe therefor, filed in his office by any of the parties to such cause, etc."

Plaintiff in error complied with this section. Section 3 of article VI of the Constitution of New Mexico confers appellate jurisdiction upon the Supreme Court and provides, among other things, as follows:

"It shall also have power to issue writs of mandamus, *error,* prohibition, habeas corpus, certiorari, injunction, and all other writs necessary or proper for the complete exercise of its jurisdiction, and to hear and determine, the same. Such writs may issue by direction of the court or by any justice thereof."

Defendant in error contends that this provision of the Constitution renders invalid and ineffectual the authority conferred upon the clerk of the Supreme Court to issue such writs, by section 3, supra. In other words, the Constitution having declared that the Supreme Court shall have the power to issue a writ of error, its issuance by the clerk, or in any other manner is impliedly prohibited. This contention appears to be sound. Cooley's Constitutional Limitations, 7th ed., p. 99, states the rule as follows:

"When the Constitution defines the circumstances under which a right may be exercised or a penalty imposed, the specification is an implied prohibition against legislative interference to add to the condition, or to extend the penalty to other cases."

The Constitution, giving, as it does to the court, the power to issue writs of error and providing the manner of their issuance, viz: "By direction of the Court or any justice thereof," impliedly inhibits the legislature from providing for the issuance of the writ in any other manner. Included in the same category with the writ of error are the writs of mandamus, prohibition, habeas corpus, etc.

The Constitution having provided for the issuance of such writs by the Court, it would hardly be contended that the legislature could authorize their issuance by the clerk.

"The affirmation of a distinct policy upon any specific point in a State Constitution implies the negative of any power in the legislature to establish a different policy. 'Every positive direction contains an implication against anything contrary to it which would frustrate or disappoint the purpose of that provision. The frame of the government, the grant of legislative power, itself, the organization of the executive authority, the erection of the principal courts of justice, create implied limitations upon the law-making authority as strong as though a negative was expressed in each instance.' People v. Draper, 15 N. Y. 544. State v. Halleck, 14 Nev. 202, 33 Am. R. 559."

Likewise, it has been held, "Where a Constitution defines the qualification of an officer, it is not within the power of the legislature to change or superadd to it, unless the power be expressly or by necessary implication, given to it." Thomas v. Owens, 4 Md. 189; see also, Lowe v. Commonwealth, 3 Metcalfe 237.

The effect of this constitutional provision is to place writs of error upon the same basis as appeals. No appeal, under the statutes, may be taken without application to the District Court entering the judgment, and an order by that court allowing the appeal. The Constitution requires that application for a writ of error be made to the Supreme Court, and the writ issues only upon order of the court, or some justice thereof.

Section 4, art. 22, of the Constitution continues in force as the laws of the State, all laws of the Territory of New Mexico, in force at the time of the admission of the State into the Union, not inconsistent with the Constitution. The effect of the constitutional provision, authorizing the issuance of writs of error by the Supreme Court, and providing for the manner of their issuance, is not to repeal all the provision of said chapter 57, S. L. 1907, relative to such writs, and the procedure for per-

fecting same, time of application, etc., but only nullifies that portion of section 3, of said act, which authorizes the clerk of the Supreme Court to issue such writ, and said act must be read as if amended so as to provide for the issuance of said writ by the Supreme Court, or any justice thereof, upon application to said Court therefor. Cleveland v. Spartanburg, 54 S. C. 83. In other words, the statute law remains in force, as modified by the provisions of the Constitution. State v. District Court, 37 Pac. 7 (Mont.)

The third question presented in the motion need not be considered, as the year allowed for taking an appeal or suing out a writ of error, has expired, and the judgment of dismissal heretofore entered leaves the judgment of the District Court in full force and effect.

For the reasons stated, the writ of error will be dismissed, and it is so ordered.