**81 P.2d 1060**

**SANDOVAL v. SANDOVAL.**

**No. 4402.**

Supreme Court of New Mexico.

July 28, 1938.

Louis S. Wilson, of Raton, for appellant.

D. A. Paddock, of Clayton, for appellee.

BICKLEY, Justice.

On July 9, 1938, there was filed with the clerk of this court a transcript of the record in the above entitled cause containing a bill of exceptions. The bill of exceptions shows that during the trial of said cause on the 2nd day of May, 1938, when the court announced that judgment would be for the defendant, the plaintiff, after taking exceptions to the rulings and decisions of the court, announced:

"Plaintiff now in open court prays an appeal on this action and asks that a supersedeas bond be fixed.

"The Court:—The plaintiff is allowed an appeal to the Supreme Court * * *."

Thereafter on the 5th day of May, the court signed its judgment, which said judgment was thereafter entered of record on the 9th day of May.

On July 20th, appellee moved to dismiss the appeal upon the ground of want of jurisdiction in this court to entertain said appeal. In view of our conclusion it is not necessary to recite in detail appellee's grounds of assault upon our jurisdiction in this case.

On July 26th, appellant filed a motion to dismiss the appeal reciting therein that:

"The appeal in this cause was taken on the 2nd day of May, 1938, upon the date when the judgment was rendered, that it appears from the record that judgment was not entered until the 9th day of May, 1938, and was therefore prematurely taken."

Since our jurisdiction is assailed, it becomes our duty to examine the question upon the grounds presented, and also with respect to any others that come to our attention.

In Cook v. Mills Ranch-Resort Co., June 15, 1926, 31 N.M. 514, 247 P. 826, we held:

"An order granting an appeal is a jurisdictional prerequisite, lack of which is not supplied by waiver or consent."

The bill of exceptions in that case as in the case at bar showed an attempt to take an appeal and an attempt by the court to allow the same. In support of the holding quoted supra, we said that the record proper should show our jurisdiction by showing an order allowing the appeal. We also said in that case that the defect could not be waived by an agreement to submit the cause as though an appeal had been taken. Our holding in that case has never been receded from, but on the other hand has rather been reaffirmed and strengthened in our rules which were promulgated on July 29, 1935. Subsection 5, of Rule 5 is as follows:

"Allowance. 5. Appeals, as provided by law, shall be allowed upon written application to and the order of the district court in which the judgment is rendered."

The history of the adoption of this rule discloses that the advisory committee selected by the court from the bar of the state had presented a rule as follows:

"5. Appeals, as provided by law, shall be allowed *in open court or* upon written application to and the order of the district court in which the judgment is rendered."

The deletion of the italicized words after careful consideration before the adoption of the rule in the form in which it now appears, emphasizes what was said in Cook v. Mills Ranch-Resort Co., supra, and added thereto the essential that the application for an appeal must be in writing.

From all of the foregoing it seems that jurisdiction of this court has not attached, no appeal having been applied for or allowed. As it would be inaccurate to say that we dismiss an appeal which has not been prayed for or allowed as required by our rules, we strike the transcript of the record from the records of this court, and it is so ordered.

HUDSPETH, C. J., and SADLER and ZINN, JJ., concur.

BRICE, J., did not participate.