84 P.2d 649

## PANKEY v. HOT SPRINGS NAT. BANK.

### No. 4375.

Supreme Court of New Mexico.

Nov. 22, 1938.

E. L. Medler and Wm. A. Gillenwater, both of Hot Springs, for appellant.

Mechem & Hannett, of Albuquerque, and E. D. Tittmann, of Hillsboro, for appellee.

BICKLEY, Justice.

This case is before us again on appeal after proceedings taken as authorized in the cause reported in 42 N.M. 425, 80 P.2d 765.

It appears that appellant filed his motion appropriate to invoke the discretion reposed in the district court in Sec. 1 of Supreme Court Rule VII, to relieve appellant from the consequences of his failure to serve notice of appeal. Sec. 1 of said Rule VII is as follows: "Within fifteen days after the allowance of an appeal or the issuance of a writ of error, the appellant or plaintiff in error shall give notice thereof to the opposite parties, and make proof of service

to be filed in the district court. No party not so served shall be deemed an appellee or defendant in error unless brought in by order of the court allowing the appeal or writ of error, on motion of the appellant or plaintiff in error, heard as an adversary proceeding, and in discretion and on just terms."

The motion sets forth that the failure of appellant to give the required notice of appeal was due to inadvertence and mistake and that the appellee, through its attorney, had knowledge of facts showing that appellant intended to take an appeal, and was taking steps thereto.

It is also alleged in said motion that: "That heretofore and on the 14th day of February 1938, and after the expiration of three months from the date of the order granting an appeal herein, the defendant and appellee, Hot Springs National Bank, filed a motion to dismiss the appeal herein upon the ground that a transcript had not been filed in the Supreme Court within the time fixed by Rule XIV, Paragraph 1, when in truth and in fact the said plaintiff and appellant had theretofore and on the 5th day of February, 1938, and within the ninety day period allowed by the Rules to file said transcript had filed said transcript. That accompanying said motion to dismiss the appeal so filed in this Court on the 14th day of February, 1938, was a notice of the calling up of the same before the Judge of this Court at Hillsboro on the 17th day of February, 1938, at Two o'clock P. M., a copy of which said motion to dismiss appeal and notice are filed herein, made a part of this motion, marked Exhibit 'D', which said motion to dismiss was abandoned by defendant and never called up for submission to this Court."

It is further alleged that within thirty days after allowance of the appeal, counsel for appellant sent by mail to one of the attorneys for appellee a copy of the praecipe for record on appeal. Apparently the purpose of these allegations was to show that the appellee knew that the appeal had been allowed. No pleading was filed by the defendant Hot Springs National Bank, denying the matters and things set forth in the motion, or otherwise in response thereto.

The district court heard the motion and the argument of counsel for the respective parties and entered an order denying the motion, from which order plaintiff-appellant Pankey applied for and was allowed a short appeal. There has been filed a "Supplemental Transcript of Proceedings" which discloses the proceedings on the motion to bring in defendant Hot Springs National Bank as appellee. There are some exhibits attached to the motion which might tend to support an inference that defendant had knowledge that plaintiff had been allowed an appeal. There was no oral testimony, and there were no findings of fact or conclusions of law made by the court and none were requested. In appellant's brief on the present or supplemental appeal, errors are assigned as follows:

"1st. The court below erred in holding that the failure to give the notice required by Rule VII, and file proof of service with-

in fifteen days was a fatal defect to the appeal.

"2nd. The court below erred in arbitrarily denying the motion of the plaintiff and appellant and refusing to permit the defendant and appellee to be made a party to the appeal.

· "3rd. The court below erred by the abuse of its discretion in denying the motion of the plaintiff and appellant and refusing to make an order authorizing the bringing in of the defendant and appellee as a party to the appeal."

In connection with the first assignment of error, the brief of appellant states as follows: "The court in determining the motion of appellant, while this is not incorporated into the record, announced that in his opinion the failure to give the notice under rule VII was fatal to the appeal, and he therefore had no further jurisdiction. We make this as a statement of fact, in fairness to the court, as explaining the reasons for his action."

No exceptions are taken to the assignments of error and the defendant in its answer brief does not challenge the statement of counsel for appellant last heretofore quoted.

Counsel for defendant calls attention to the absence of findings of fact or conclusions of law and the absence of any exceptions to the failure of the court to make findings and conclusions. It is asserted: "There is nothing in the record from which this court can 'discover the considerations which actuated the trial court in its action.'" And further: "There is nothing in the record to show that the district court did not exercise his discretion in denying the motion, or from which this court can infer a failure to exercise his discretion."

■ The statutes or rules of court governing appellate procedure usually require a citation, summons, or notice of appeal to appellee or defendant in error and compliance with the statute or rule in this respect is generally essential to the exercise of the right of appeal or to the jurisdiction of the appellate court of the person of appellee unless such citation or notice is waived. See 4 C.J.S., Appeal & Error, § 574.

It was required by § 2, Ch. 57, L. 1907, carried into the 1915 Code as § 4471, that when an appeal is taken, unless the same is taken in open court (which method of appeal is no longer in vogue) citation shall be issued by the clerk of the district court directed to and citing the opposite party to appear in the Supreme Court and answer such appeal on the return day thereof. This section was repealed by § 60, Ch. 43, L. 1917, and there was enacted in lieu thereof § 3·of said Ch. 43, which was not essentially different from the repealed section so far as material to the present consideration. Then in 1927, by § 1, Ch. 93, § 3, Ch. 43, L.1917 was amended with the result that all of the provisions relative to citation when an appeal is taken were eliminated. Perhaps the legislature realized that the matter of notice of appeal had been or

would be taken care of by the Supreme Court under its rule-making power.

By our Rules of Appellate Procedure, promulgated Jan. 7, 1928, effective March 1, 1928, it was provided in Rule V in section 1 thereof, that upon the docketing of an appeal a citation should be issued by the Clerk of the Supreme Court and mailed by him to the attorney of record for the opposite party in the court below. Section 2 provided that within five days after taking an appeal the appellant shall give written notice thereof to the attorney of record of the opposite party or parties and that proof of service of such notice shall be filed and shall be a part of the record proper.

Wade in his text on New Mexico Appellate Procedure says that citation is the process by which a party is notified of an appeal taken or a writ of error sued out. § 262. And that the purpose of the citation is to notify the opposite party that the cause has been removed to the superior tribunal so that he may appear and protect his rights. That it performs in a measure the same functions as a summons issued out of an inferior court. § 263. Citing Dailey et al. v. Foster, 17 N.M. 377, 128 P. 71. At § 264, Mr. Wade says: "Acts required by the statute to perfect an appeal are jurisdictional and must be strictly complied with to vest the appellate court with power to entertain the appeal. (Citing Farmers' Development Co. v. Rayado Land & Irrigation Co., 18 N.M. 138, 134 P. 216.) Unless the citation, therefore, is issued in accordance with the statute, the appellate court will have no jurisdiction *over the appellee or defendant in error* on the return day and will be compelled to dismiss the proceeding." (Italics ours.)

It is then said at § 265: "The necessity for the issuance and service of citation may be waived by the appellee or defendant in error, and a general appearance is construed as a waiver." Citing Dailey v. Foster, supra; Childers v. Lahann, 18 N.M. 487, 138 P. 202.

In Crabtree v. Board of Com'rs of Socorro County, 37 N.M. 80, 18 P.2d 657, we said: "We have heretofore held, in Conley v. Davidson, 34 N.M. 421, 283 P. 52, and Robinson v. T. D. Neal Mercantile Co., 34 N.M. 436, 283 P. 52, that failure to notify within five days after taking appeal that an appeal had been taken is not jurisdictional; and that, where no showing of prejudice is made, a motion to dismiss should be overruled under the authority of section 3 of rule XIV. The last-mentioned rule provides: 'No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits.' " (The citation was to Rules of Appellate Procedure effective March 1, 1928. This rule is identical with Section 4 of Rule XVI of our present rules.)

Our present Supreme Court Rule VII supplants Rule V of the Rules of Appellate Procedure heretofore cited. The marked difference between the two rules is that under Rule V and Section 3 of Rule XIV, Rules of Appellate Procedure, the questions of prejudice and the requirements of the ends of justice were heard in this court in the first instance and exclusively. Under our present rules wherever practicable and useful, it was provided for a retention of jurisdiction in the district court for certain purposes. This is illustrated by Section 13 of Rule XIV providing that when an appeal or writ of error has been granted, the trial court shall retain jurisdiction of the cause for the purpose of hearing motions suggesting a diminution or correction of the record of the trial court and of acting thereon. Section 2 of Rule XIV relating to transcripts provides for a retention of jurisdiction in the district court to dismiss an appeal for failure of appellant to file a transcript in the Supreme Court or to permit the appellant to perfect his appeal "upon such terms as it may deem proper."

Also Rule VII reserves in the district court jurisdiction to exercise a discretion to bring in by order a party as appellee or defendant in error notwithstanding the failure of appellant or plaintiff in error to give the notice to opposite party provided for in said rule such discretion to be exercised in an adversary proceeding and on just terms.

It is manifest by these rules that it was the purpose of the Supreme Court to employ the district courts and their machinery as adjuncts to the exercise of its power of review. It was thought that this procedure would in most instances be more convenient to litigants and their counsel and less expensive than to be required to journey to Santa Fé, it being supposed that in some instances an introduction of oral testimony would be required.

Counsel for appellee in their brief on the supplemental appeal say: "If the Rule VII means that the mere filing of the motion to bring in defendant as a party entitled the appellant to an order granting the motion, then, of course, the court erred, but if the motion is to be heard as an adversary proceeding, then a record showing the filing of the motion, the order denying it and a general exception to the granting of the order does not present a 'question for this court to review.'"

■■■ We readily agree that the rule does not mean that an appellant who has failed to serve the notice of appeal provided for therein is entitled as a matter of course upon the filing of a motion to have an adversary party brought in as appellee. We also agree that the record is extremely barren of anything which might throw light upon what moved the court's discretion to deny the motion or whether such discretion was moved at all. It is equally true that the rule intended that "discretion" should be exercised and also that the word was employed as meaning "judicial discretion."

■■■ Any attempt to define the phrase "judicial discretion" is generally regarded

as a difficult and dangerous undertaking. But we venture that such a discretion as the law sanctions is not arbitrary, vague, or fanciful, nor is it to be controlled by humor or caprice, but is to be governed by principle and regular procedure for the accomplishment of the ends of right and justice. See United States v. Meldrum, D.C., 146 F. 390, affirmed 9 Cir., 151 F. 177, 10 Ann.Cas. 324; also Bowers: "Judicial Discretion of Trial Courts", Secs. 11, 12.

There has been a constant endeavor of this court with the assistance of advisory committees selected by the court from the Bar of the state, to liberalize our rules of appellate procedure to the end that causes brought here for review may be heard upon their merits if possible. Section 4 of Rule XVI reflects this aim, it being there stated that no motion to dismiss an appeal, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based on other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. There naturally arises the inquiry as to what is meant by the phrase "jurisdictional grounds."

██ In the statement heretofore employed drawn from 4 C.J.S., Appeal & Error, § 574, it was said that citation or notice of appeal is generally essential to the exercise of the right of appeal or to the jurisdiction of the appellate court. "Jurisdiction" is another term which has been much

defined and has various meanings. It may be said that in a broad sense this court has jurisdiction of the cause when an appeal has been allowed. But it is essential to the exercise of this jurisdiction that the proper party shall have been brought in as appellee by service of notice of the appeal unless such notice is waived. The distinction was pointed out in Childers v. Lahann, supra, 138 P. 205, in discussing failure to serve notice of appeal, as follows: "The court has jurisdiction of the cause, but not of the appellee, because of the failure to serve citation."

In the same case it was concluded that it was within the power of the court to permit appellant to procure citation to be issued by the Clerk of the District Court to be served upon appellee if good cause were shown for the failure to issue and serve the same within the time required by the statute. Baca v. Anaya, 14 N.M. 20, 89 P. 314, was cited. In that case motion was made to quash the citation and service on several grounds, one of them being "that there was no power in this court to make the order heretofore mentioned extending the time for service of citation." This court held that the order giving the appellant further time to sue out and serve citation was within the powers of the court. The court says [page 315]: "While under chapter 114, p. 323, of the Laws of 1905, all appeals and citations are made returnable into this court 90 days after such appeals are taken, and while by rule 5 citation is to be served at least 5 days before the return day, these do not militate against

the power of this court to relieve against accidents and excusable mistakes in proper ·cases. Such power is, as indicated in Bank of Westfield v. Inman, 133 Ind. [287], 289, 32 N.E. 885, and Elliott on Appellate Procedure, § 183, an 'inherent power' possessed by 'all courts of general superior jurisdiction.' "

The difference between the nature of the jurisdiction of the "cause" and the jurisdiction of the appellee, as referred to in Childers v. Lahann, supra, may be further illustrated by our holding in State v. Capital City Bank, 31 N.M. 430, 246 P. 899, where we said [page 900]: "It thus appears that the appeal is obtained, secured and effectuated by means of the order of allowance by the court."

In Cook v. Mills Ranch-Resort Co., 31 ·N.M. 514, 247 P. 826, we decided: "An order granting an appeal is a jurisdictional prerequisite, lack of which is not supplied by waiver or consent."

The last-mentioned decision was followed in Sandoval v. Sandoval, 42 N.M. 470, 81 P.2d 1060.

In Abeytia et al. v. Spiegelberg et al., 20 N.M. 614, 151 P. 696, we decided that a cost bond on appeal is not essential to the jurisdiction of the Supreme Court, and a failure to file the same as required by the statute may be waived. We said that § 4471, Code 1915, provides for the allowance of appeals by the district courts, and that [page 697] "no condition precedent is attached, except an application to the court and the suing out and serving of a cit-

ation, where the appeal is not taken in open court. Upon the allowance of the appeal, the case is in contemplation of law pending in this court. In the case of Canavan v. Canavan, supra [18 N.M. 468, 138 P. 200], we said: 'Under our statute, however, the filing of the bond within the specified time is not necessary to our jurisdiction. It attaches upon the allowance of the appeal or the issuance of the writ of error.' This statement of the law is amply supported by the adjudicated cases."

So it seems that we have jurisdiction of the "cause" upon the allowance of the appeal. But we do not have jurisdiction of the appellee until the notice of appeal is served, unless waived. Cook v. Mills Ranch-Resort Co., supra; Sandoval v. Sandoval, supra. Compliance with the steps to give us jurisdiction over the person of the appellee may be waived.

In view of the foregoing, we are of the opinion that the giving of the notice required by Sec. 1 of Rule VII is not jurisdictional in the sense that it may not be waived and that such notice is not jurisdictional in the sense that word is employed in Sec. 4 of Rule XVI.

Now in view of the principles stated heretofore in the quotations from texts and adjudicated cases on the meaning of "judicial discretion", it would seem appropriate for the district court to exercise his discretion under Sec. 1 of Rule VII in conformity with the spirit of the law and in a manner to subserve the ends of justice, being guided by such principles as have

been announced by the Supreme Court in its decisions and in its Rules. It would seem that the inquiry will touch upon the propositions as to whether the failure to give the notice of appeal was due to accident or excusable mistakes, or, in other words, whether the appellant applying for relief from his negligence is able to show good cause therefor, and whether the party sought to be brought in as an appellee has, by virtue of the failure of the appellant to serve him with notice of the appeal, taken some position with respect to his rights and benefits under the judgment in his favor which would place him in a position of irremediable prejudice if he were brought in as appellee after the time allowed by the Rule for the service of notice of the appeal. If the party sought to be brought in as appellee would only suffer some inconvenience or some prejudice that is remediable, then the rule provides that the court may have him brought in as an appellee only on "just terms," and we think this means "such reasonable terms as will save the adverse party harmless in the premises."

In the case at bar, we have, as heretofore stated, the assertion of counsel that the trial court in ruling on the motion announced that in his opinion the failure to give the notice required by Rule VII was fatal to the appeal and that he therefore had no further jurisdiction. The District Court was mistaken if it entertained the view that the failure to give the notice of appeal provided for by Rule VII was necessarily fatal to the appeal. It appears therefore that the court failed to exercise a discretion reposed in it by the rule. Undoubtedly, as counsel for appellee intimates, it was open to appellant to procure such a declaration from the court in the order or in a conclusion of law or otherwise in the record. Our statutes and rules require that in the trial of causes in the district court without a jury, it is the duty of the district court to make findings of fact and conclusions of law separately stated, and file them in the case. It is to be doubted whether what we have said respecting the waiver of the performance by the court of this duty is applicable to the present situation. Under the operation of Supreme Court Rule VII the district court acts as an arm of this court in determining matters which by the rule could be determined here in the first instance. We are inclined to believe that holdings that parties may waive the making of findings of fact and conclusions of law apply to the parties but not necessarily to this court when it is employing the district court and its machinery for the purpose of ascertaining whether the ends of justice require the granting of a motion to dismiss an appeal when based on other than jurisdictional grounds.

One result of the proceedings on the motion to bring in defendant as appellee has been to disclose an uncontroverted fact which was not before us when we handed down our per curiam opinion on April 29th, reported in 42 N.M. 425, 80 P.2d 765. It was not urged upon us prior to the preparation of that opinion that the defendant Hot Springs National Bank had waived

notice of appeal by making a general appearance in the cause. Some suggestion has been made by appellant that appellee had waived the notice by appearance, but we do not recall that this matter now developed was relied upon.

·Since the defendant Hot Springs National Bank, although within its rights, is pursuing a highly technical course, we think we are justified in considering whether or not the facts alleged in the motion and which have been quoted show that the defendant bank had entered a general appearance. Some of what has been heretofore said is applicable to this situation. The District Court, under Rule VII, is acting as an arm of this court. It is not a far cry, therefore, to say that when we provided (apparently for the first time) by Rule XIV (relating to transcripts) that "in cases of appeal, the appellee, upon like notice, and upon satisfactory showing that the transcript has been filed, may move the district court to dismiss the appeal; upon the hearing of such motion the district court may dismiss such appeal, or permit the appellee to prosecute the same upon such terms as it may deem proper," we were reserving to the district court a concurrent power with us to do the things that we could do.

Sec. 2 of Rule XIV is as follows: "If the appellant or plaintiff in error :shall fail to file the transcript on or before the return day, or on or before expiration of an extension granted, the. appellee or defendant in error may produce and file in the Supreme Court a transcript containing the judgment, order, decision or conviction appealed from, and in case of an appeal, the order allowing the same, and may, upon five days notice to the opposite party, move the court to docket said cause and affirm said judgment, order, decision or conviction. Upon the hearing of such motion the court may either affirm such judgment, order, decision or conviction, or permit the appellant or plaintiff in error to perfect such appeal or writ of error upon such terms as it may deem proper."

It will be seen that except for whatever advantage may accrue from an affirmance of the judgment as against a dismissal of the appeal, the result of putting an end to the litigation is the same, whether appellee moves for dismissal of the appeal in the District Court or moves for affirmance of the judgment here.

True, the first motion to dismiss the appeal was not filed with the Clerk of the Supreme Court, and therefore strictly speaking, it was not a motion in the Supreme Court as in Wilson v. Ruth, infra, but it was nevertheless a motion in the appellate proceedings and challenged our right to proceed further with the case, and which if sustained would put an end to the proceedings in this court.

Now, it appears from the portion of the motion quoted in connection with the other parts of the transcript, that the judgment was rendered on the 23rd of October, 1937, and that an appeal was applied for in writing on November 10, 1937, and an order was made on the same day allowing said appeal. The transcript would not be due

in the Supreme Court until about the 10th day of February, 1938. Very plainly the filing of the transcript is not jurisdictional in the sense that word is employed in Sec. 4 of Rule XVI. Sec. 2 of Rule XIV, relating to transcripts, itself shows that it is not jurisdictional in that sense because the first part of the section provides that the Supreme Court may permit appellant or plaintiff in error to cure his default in not filing the transcript "upon such terms as it may deem proper." And the second paragraph of the section reposes the same power in the district court to deny the motion to dismiss because of failure to file the transcript, and says that the district court may permit the appellant to go on and perfect his appeal "upon such terms as it may deem proper." The failure to file the transcript within the time allowed is not therefore fatal to the jurisdiction of the Supreme Court.

It is to be noted from the recitals in the motion heretofore quoted, and which are not denied, and from other portions of the record, that the appeal was allowed on November 10, 1937. Under Rule VII the time for giving the notice of appeal would have expired on November 25, 1937. It then appears that on February 14, 1938, the defendant Hot Springs National Bank, filed in the district court a motion to dismiss the appeal upon a non-jurisdictional ground, to-wit, the failure to file a transcript in the Supreme Court, and that in truth and in fact said transcript had been filed on February 5th, and that the motion to dismiss never was called up and was abandoned. Nothing was said in said motion of February 14, 1938, about defendant Bank not having received notice of the appeal. After the abandonment of that motion to dismiss, appellee on February 19, 1938, filed its "Petition for Leave to File Suggestions as Amicus Curiae" which we have treated as a motion in this court to dismiss the appeal. In our opinion, the motion of February 14, 1938, in the district court to dismiss the appeal upon a ground not tenable because the facts it recited were not true, and upon a non-jurisdictional ground, amounted to an appearance in the appeal proceedings, and was, therefore, a general appearance of appellee in the "cause" five days before the motion, or what has been treated as a motion to dismiss, was filed in this court.

In Wilson v. Ruth, 35 N.M. 97, 290 P. 742, we decided: "Parties moving a dismissal in the Supreme Court on grounds other than lack of jurisdiction of the person deemed to have appeared generally."

The foregoing is in accord with the general text statement that where the process or notice of appeal is required merely to confer jurisdiction of the person, a general appearance will operate as a waiver thereof. And in such case there is a waiver as a general rule if the party entitled to object to the jurisdiction moves to dismiss on other than jurisdictional grounds. See 3 C.J. Appeal & Error, § 1345, p. 1443, and cases cited in note 92; and § 1362 of the same text.

In Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 So. 670, it was decided: "The defend-

ants in error made a motion in this court to dismiss the writ of error issued in the cause on the ground that the plaintiff in error had not filed briefs within the time required by the rule of the court on that subject. On a subsequent day, this motion, by leave of the court, was amended so as to recite that defendants in error came special·ly for the purpose of the motion, and for no other purpose, and moved the court to dismiss the writ of error, because no briefs had been filed as required by the rule, and no scire facias ad audiendum errores had been issued in the cause, or served upon the defendants in error. *Held,* that by the motion as first made to dismiss the writ of error because no briefs had been filed the defendants in error appeared generally in the cause, and it was a waiver of the issuance and service of the scire facias ad audiendum errores."

In Rector and Kennerly v. Circuit Court for St. Louis County, 1 Mo. 607, the appellee appeared in the district court and moved the dismissal of an appeal from the justice of the peace court on account of informality in the appeal bond. The court adjudged the appeal bond a good one and overruled the motion made by the appellee, but the court thereupon required appellants to prove that due notice had been given to the appellee of the appeal, and for want of such proof dismissed the appeal. To reinstate the appeal the appellant prayed for a mandamus. The court said that the only question presented for consideration was whether the appearance of the appellee in his motion to dismiss the appeal for defects in the appeal bond was such an appearance as to preclude him from objecting to want of notice, which the court said must be answered in the affirmative. The court say: "The appearance of a party to any regular steps in the progress of a cause, must be taken as an acknowledgment or waiver of notice that such cause was about to be prosecuted. The only object of notice is to enable the party to come in prepared to defend himself, or resist the measure proposed to be taken, and to enable him to be prepared. * * * But a party may waive notice, and impliedly, as well as expressly, consent to appear to the subject matter of the suit or motion."

In Succession of Baumgarden, 35 La. Ann. 127, the court decided: "The appearance of an appellee urging other grounds of dismissal before that of want of citation, cures the defect of such want of citation of appeal on him."

The appellee's appearance cures all irregularities in or the absence of citation except those which are stated in the motion for dismissal. The others are waived by the appearance. See Morton v. Graham, 11 La. 449.

The failure to file a transcript within the time provided for in the rules is not fatal to the jurisdiction of the Supreme Court and will not necessarily support a motion to dismiss the appeal. It is clear, therefore, that the filing of this motion to dismiss the appeal on the sole ground that no transcript had been filed was a waiver

of objections to the failure to give notice of the appeal.

It is to be noted that in our opinion in Pankey v. Hot Springs National Bank, 42 N.M. 425, 80 P.2d 765, heretofore referred to at the commencement of this opinion, the motion to dismiss the appeal was continued for sixty days, within which time the appellant was given leave to file his supplemental transcript. As we appraise the situation, final determination of the motion to dismiss was reserved. We have before us a supplemental transcript of proceedings in which it appears that the district court did not exercise his discretionary powers under Sec. 1 of Rule VII, and it is also disclosed, as heretofore recited, that appellees are not entitled to prevail in their motion here to dismiss the appeal.

As heretofore stated, we have assumed the correctness of the facts as alleged in appellant's "Motion to Permit Bringing in of Defendant and Appellee as an Appellee on this Appeal," appearing in the supplemental transcript since they are not denied in the lower court nor challenged here.

From all of the foregoing it appears that the motion of appellees filed in this court to dismiss the appeal should be denied, and it is so ordered.

SADLER, BRICE, and ZINN, JJ., concur.

HUDSPETH, Chief Justice.

I am not in accord with the views expressed in the opinion to the effect that the filing of the motion to dismiss the appeal in the trial court was an appearance in this court. I concur in the result.