PABLO CASASÚS, JUANA RIVERA DE CASASÚS and ISABEL CASANOVA WIDOW OF CASASÚS, Plaintiffs and Appellees, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellant.

No. 8352. Argued May 26, 1941.—Decided June 11, 1941.

C. *Iriarte, F. Fernández Cuyar, H. González Blanes* and *F. Alvarado, Jr.,* for appellant. *Géigel & Silva,* for the appellee, Isabel C. Widow of Casasús. *Ortiz Toro & Ortiz Toro,* for the other appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The admitted facts in this case, as they appear from the certificate issued by the acting clerk of the District Court of San Juan, are as follows: Pablo Casasús and Juana Rivera Casasús, as legitimate parents of their son, Rogelio Casasús, and Isabel Casasús widow of (Rogelio) Casasús filed in the lower court a complaint in damages against the White Star Bus Line, Inc., said complaint being signed by the law firm Ortiz Toro & Ortiz Toro, as attorneys for the co-plaintiffs Pablo Casasús and Juana Rivera Casasús, and the law firm Géigel & Silva, as attorneys for the co-plaintiff Isabel Casanova, widow of Casasús. The complaint was sworn to by Pablo Casasús as well as by Isabel Casanova, widow of Casasús; throughout all the subsequent proceedings had during the prosecution of this case in the lower court, the co-

plaintiffs continued to be represented by the two professional law firms above mentioned and all the notices were sent by the clerk to both parties and the defendant always served them separately with copies of its pleadings; after the trial had been held with both parties and their attorneys present, the court rendered judgment for the plaintiffs on February 26, 1941, which judgment was notified by the clerk to Attorneys Géigel & Silva, Ortiz Toro & Ortiz Toro, and Iriarte, Fernández Cuyar, González Blanes and Alvarado Jr., separately on the 1st of March, 1941, and copy of said notice was filed in the record on that same day; on March 29, 1941, the defendant, through its attorneys, filed in the office of the clerk of the lower court a notice of appeal which was served on the same day on the Attorneys Ortiz Toro & Ortiz Toro; and finally, on April 1, 1941, the attorneys for the defendant filed on said court a document entitled ''Notice'' addressed to the Attorneys Géigel & Silva, serving them with copy of the notice of appeal which on March 29, 1939, they had already served on the other attorneys of the plaintiffs.

The co-plaintiffs, through their respective attorneys, Géigel & Silva and Ortiz Toro & Ortiz Toro, then filed in this Court two motions based on the above mentioned facts, in which they requested that the appeal be dismissed because the co-plaintiff Isabel Casanova widow of Casasús had been served by the defendant with copy of its notice of appeal, on April 1, 1941, that is, after the term which the defendant had to appeal had elapsed, for which reason this Court lacks jurisdiction over this appeal.

■ In an extensive brief the defendant appellant argues against the requested dismissal saying:

''Finally we wish to repeat emphatically that our contention is not in the least that the appellant should not be required to serve the adverse party with copy of his notice of appeal within the term provided by the statute. Our contention, and we wish to make it as clear as possible, is that the adverse party should be served with copy of the notice of appeal within the term provided by statute,

*but that the failure to execute said service within the legal term does not create a lack of jurisdiction in the appellate court, but instead is merely a formal defect, an irregularity, a violation of the statute, which may or may not be a ground for dismissal in accordance with the circumstances present in each particular case.* In other words, if it is proven that the delay in the service of the notice has affected the substantial rights of the appellee, has induced him to adopt a position which has adversely affected him or has in any way worked against his interest, the dismissal of the appeal should be decreed due to this formal defect, irregularity or violation of the statute, but if it is shown that said delay in the service of the notice has in no way affected the party who requests the dismissal of the appeal, substantial justice demands that appellant should not be deprived of his precious right of appeal." (Italics supplied.)

Attorneys for the defendant allege that "they believed that all the attorneys" of the plaintiffs "represented all the parties and that they were empowered to act in representation of all the plaintiffs" since when the case was first set for trial, it was postponed by an agreement between Attorneys Ortiz Toro & Ortiz Toro and counsel for the defendant, but he admits that said agreement was notified to Attorneys Géigel & Silva; he also alleges that the trial judge summoned Attorneys Ortiz Toro & Ortiz Toro and the defendant's attorneys for a pre-trial conference, and did not include Attorneys Géigel & Silva in his summons, but he also admits that all the attorneys interested in the case, including Attorneys Géigel & Silva, were present at said conference and that the agreement which was reached was signed by Attorney Guillermo Silva in representation of all the attorneys of the plaintiffs; he also alleges that during the trial, Attorney Jorge Ortiz Toro acted as trial lawyer, but again admits that Attorney Juan E. Géigel was also present at the trial, and Attorneys Ortiz Toro & Ortiz Toro denied in their reply to appellant's brief that Attorney Jorge Ortiz Toro acted as trial lawyer and that Attorney Géigel was merely present at the trial of the case, and in opposition to appellant's claim,

they allege that Attorney Géigel took part in the trial, ques-tioning two witnesses and holding conferences continuously with themselves during the trial concerning the handling of the same; and finally they allege that after judgment had been rendered all the plaintiffs filed a memorandum of costs signed exclusively by Attorney Jorge Ortiz Toro in which memorandum he swore that he was the attorney of the plaintiffs, and likewise he accepted having been notified of defendant's answer to the same.

We are of the opinion that the facts alleged by the defendant appellant do not support its contention that the co-plaintiffs in this case were all represented indistinctly by Attorneys Ortiz Toro & Ortiz Toro or by Attorneys Géigel & Silva. All these facts are qualified by admissions which show that the two professional firms always intervened in all the procedural steps of the case, in representation of the respective claimants. The action of Attorney Jorge Ortiz Toro with respect to the memorandum of costs cannot be given the scope which appellant claims. His act in so signing said document, unknown to Attorneys Géigel & Silva, cannot affect adversely the rights of the co-plaintiff Isabel Casanova widow of Casasús.

We shall now consider the legal aspect of the case. The judgment rendered was notified to the parties and copy of said notice was filed in the record of the case on March 1, 1941, so that the month which defendant had to appeal in accordance to Section 295 of the Code of Civil Procedure expired on the 31st of March, since said term of one month must be construed to be of thirty days. *Abril* v. *Moreno et al.*, 14 P.R.R. 7; *Wolkers* v. *American R. R. Co. of P. R.*, 20 P.R.R. 379; *Luce & Co., S. en C.* v. *Cintrón*, 42 P.R.R. 590, and *Ríos* v. *Díaz*, 54 P.R.R. 662.

As the term within which to appeal had expired on the 31st of March, when the co-plaintiff Isabel Casanova widow of Casasús was notified on April 1st, the term within which the defendant could appeal had already expired, and

therefore, said notification was made in violation of Section 296 of the Code of Civil Procedure, which provides:

"Section 296.—An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

This Court has repeatedly held that service of the notice of appeal on an adverse party affected by the judgment is a requisite which must be complied with before the appeal can be considered as duly taken, and when said service is not effected, this Court lacks jurisdiction over the appeal and the same should be dismissed. *Ríos* v. *Ríos, et al.,* 15 P.R.R. 247; *Melchor, etc., Co.* v. *Banco Com. et al.,* 36 P.R.R. 82; *Montero* v. *Santoni,* 55 P.R.R. 689. It has also been held that not only one but all of the parties affected by the judgment must be served with copy of said notice of appeal. *Rivera et al.* v. *O'Ferrall et al.,* 37 P.R.R. 156; *Ex parte Zalduondo,* 47 P.R.R. 248.

■ It has also been decided by this Court that service of the notice of appeal must be effected within the term fixed by the statute for the taking of the appeal. In the case of *American Colonial Bank of P. R.* v. *Ramos et al.,* 33 P.R.R. 851, although the appeal was dismissed for another reason, the court said through Mr. Chief Justice Del Toro, at page 855:

"As the appeal must be dismissed on the first ground of the motion, it is unnecessary to consider the second. *However, as it involves a question arising constantly in practice, we will say that the appellee is right in contending that the notice must be served on the adverse party or his attorney within the statutory period* (section 296 of the Code of Civil Procedure and *Davez* v. *Schuerman,* 93 Pac. 297, 7 Cal. App. 1); but we must say also that if it is admitted, as the appellant attempted to prove by an affidavit, that the notice was mailed on the 11th of July, then the statute was complied with and it is understood that the service was made on that day, although the appellee received the notice three days later." (Italics supplied.)

Subsequently, this Court decided the case of *Seoane* v. *Cortés et al.*, 38 P.R.R. 783, in which the facts involved are very similar to the ones present in the instant case, and expressed itself as follows, again through Mr. Chief Justice Del Toro:

"It appears clearly from the facts that Angel C. Cortés was a defendant in the action and that he is a necessary party to the appeal. It also appears clearly from the facts that when through his attorney he was finally notified of the appeal the legal period within which to take an appeal had expired.

"So, the dismissal of the appeal must follow as an inevitable consequence in accordance with the law and the repeàted jurisprudence of this court." (Page 787.)

Section 296 of our Code of Civil Procedure is equivalent to Section 940 of the California Code, before it was amended in 1921, and the construction given to said section by the courts of California is identical to the construction which we have given it.

In 2 Cal. Jur. 327, Section 116, the prevailing doctrine is set forth as follows:

"Section 940 of the Code of Civil Procedure, relating to appeals taken by the regular method, specifically requires service of a notice of appeal upon the adverse party or his attorney. This provision is equally as mandatory as that with reference to the filing of notice, and if service is not made within the statutory time, and according to the requirements of the statute to effect service, the appellate court acquires no actual jurisdiction of the case, and will dismiss the appeal on its own motion, or on motion of the respondent."

Further on, on page 348, in Section 129, it is said:

"An appeal is not perfected until all the things required by the statute to be done have been done; in other words, until the notice of appeal has been both filed and served. *A failure to do either of these things within the time within which a party has the right to appeal is fatal to the taking of the appeal, though the other has been done.* Therefore, a failure to serve a notice until after the expiration of the statutory period is fatal to the appeal, though the notice was filed within the time limited." (Italics supplied.)

In support of this doctrine see the case of *Coker* v. *Superior Court,* 58 Cal. 177; *Dalzell* v. *Superior Court,* 67 Cal. 453; *San Francisco Law & Collection Co.* v. *State,* 141 Cal. 354; *Niles* v. *González,* 152 Cal. 90; and *Estate of Pendergast,* 143 Cal. 135.

In the case of *Estate of Pendergast, supra,* the Supreme Court of California went even further in its construction of Section 940, *supra,* when it held that:

"But having itself addressed the notice to certain of the parties it cannot enlarge the same by showing actual knowledge received by the other interested parties, arising from the fact that the attorney who represented them also represented the petitioners to whom the notice was directed. Actual knowledge cannot take the place of service of the notice of appeal." (Page 139.)

The Legislature of California, aware of the exceedingly strict construction which the Supreme Court of the State had given to Section 940 of the Code of Civil Procedure, amended it in 1921, eliminating the requirement of service of the notice of appeal on the adverse party and from that date an appeal is duly taken by the mere filing of the notice of appeal. *People* v. *Jackson,* 190 Cal. 257. In Puerto Rico, however, Section 296 of our Code of Civil Procedure has never been amended, and it remains therefore drawn in the same fashion in which its equivalent in the California Code was when the Supreme Court of said State gave it the strict construction to which we have referred, and which is in harmony with the construction which this Court has adopted.

Appellant maintains, however, that although Section 350 of the Code of Criminal Procedure provides the same procedure for criminal cases as that which Section 296, *supra,* provides for civil cases, this Court, in the cases of *People* v. *Cruz,* 57 P.R.R. ___ and *People* v. *Varela,* 41 P.R.R. 879, has held that an appeal cannot be dismissed, in spite of the fact that the district attorney was not served with copy of the notice of appeal, when the evidence clearly reveals

that the district attorney knew that the appeal had been taken, since he had intervened in the approval of the transcript of the evidence, and that if the statute was substantially complied with, the dismissal did not lie. Appellant's contention is not well grounded. In the case of *People* v. *Cruz, supra,* this Court held that the rule established in *People* v. *Loubriel,* 54 D.P.R. 1010, decided *per curiam,* was applicable * and copied the following extracts from said decision:

"Whereas the district attorney through his stenographer was served on September 6, 1938, with a certified copy of the transcript of the evidence, and said district attorney on December 1, 1938, *and within the period of six months after the date of the judgment appealed from, signed the original of said transcript stating in writing that he had no objection to the same.*

"Whereas the transcript of the record was filed in the Office of the Clerk of this Court on March 14, 1939, and the motion for dismissal was not filed until May 25, after the Prosecuting Attorney of this Court had been served with copy of appellant's brief on the same day that said brief was filed in the clerk's office, six months after the district attorney had agreed to the approval by the lower court of the transcript of the evidence and eight months after he had been served with copy of said transcript." (Italics supplied.)

And this Court finally held that:

"After studying these decisions we find that although they pay deference to the principle that the adverse party must be notified of the appeal before the court acquires jurisdiction, they tend toward the viewpoint that acts which reveal knowledge on the part of the district attorney that the appeal had been taken, or his intervention in the prosecution of the same and his ability to defend in time within said appeal the interests which have been entrusted to him, should be taken in consideration before deciding whether or not the statute was complied with and before holding, in case of an affirmative answer, that the court has jurisdiction over the appeal. *People* v. *Varela,* 41 P.R.R. 879; *People* v. *Rubio,* 44 P.R.R. 866; *People* v. *Mercado,* 45 P.R.R. 727."

---

* The cases decided *per curiam* appear only in the Spanish edition and not in the Puerto Rico Reports.

And in the case of *People* v. *Varela, supra,* after citing Section 350 of the Code of Criminal Procedure and referring likewise to Section 349 which provides that an appeal from a judgment must be taken within a period of six months after said judgment has been rendered, the Court said:

"*Within the time* prescribed by the preceding section a notice of appeal was filed with the clerk and defendant was released on bail. *Within that time* the district attorney stated in conversation that defendant had appealed from the judgment herein. *Within that time appellant served notice of a motion for a transcript of the evidence and filed the motion. In the opening parapraph of that motion appellant stated that he had taken an appeal to the Supreme Court from the judgment rendered in this case.* Later, the district attorney together with counsel for appellant signed a stipulation whereby they submitted a transcript of the evidence to the district judge for his approval.

" *    *    *    *    *    *    *

"The purpose of the statutory requirement as to service of a copy of the notice of appeal on the district attorney is to inform the district attorney of defendant's first step in the prosecution of his appeal. *Here the district attorney had both actual and written notice of the appeal.* The notice contained in the first paragraph of the motion for a transcript of the evidence *was a substantial compliance with the statute.* By signing the stipulation for approval of that transcript the district attorney waived any formal defect in the notice so given." (Italics supplied.) (Page 880.)

So that the Court not only had in mind when ·deciding these cases that the district attorney knew that the appeal had been taken and that he had been served with copy of the motion requesting the court to order the preparation of the transcript of the evidence, in which motion defendant stated that he had appealed from the judgment rendered against him, but also the fact that all this was done within the period which the statute granted the defendant to appeal, that is, six months. In other words, the notification to the adverse party or the substantial compliance with the statute was effected within the term fixed by law. In criminal as well as in civil cases the adverse party must be served with

copy of the notice of appeal within the period fixed by law before this Court can acquire jurisdiction.

As the co-plaintiff Isabel Casanova widow of Casasús was served with copy of the notice of appeal after the period. of thirty days which the statute provides had elapsed, this Court lacks jurisdiction over this appeal and in consequence thereof the appeal is dismissed.

## ON MOTION FOR REHEARING

## July 14, 1941.

Defendant appellant requests the reconsideration of our decision of June 11, 1941, dismissing the appeal, for the reason that one of the plaintiffs had been served with copy of the notice of appeal after the period of thirty days which the statute provides had elapsed, as the result of which this Court lacked jurisdiction over said appeal.

Appellant insists in maintaining that even though "the adverse party should be served with copy of the notice of appeal within the term provided by statute, . . . the failure to execute said service within the legal term does not create a lack of jurisdiction in the appellate court, but instead is merely a formal defect, an irregularity, a violation of the statute, which may or may not be a ground for dismissal in accordance with the circumstances present in each particular case," and that we did not decide this contention of his, having failed to set forth "the reason for the rule" established by our own decisions as well as by those of California and other States in the sense that the failure to serve the adverse party with copy of the notice of appeal, within the statutory period, deprives the Supreme Court of jurisdiction over the same.

The reason for the rule seemed so obvious to us that we did not consider necessary to state it. The reason is that the statute expressly requires that the notice of appeal must be filed in the office of the clerk of the trial court

and the adverse party or his attorney must be served with copy of said notice, within the period of thirty days (Sections 295 and 296 of the Code of Civil Procedure). The obligation which the statute imposes on the appellant is not satisfied by the performance of one of these two requisites. Both must be complied with. If we could decide that appellant for some reason was justified in serving the adverse party with copy of the notice of appeal one day after the period fixed by law had elapsed, we would establish a precedent, the result of which would be that the adverse party could be served with copy of the notice of appeal at any time after the statutory period had elapsed, provided that the appellant could adduce reasons which in his opinion justified his negligence. Such a rule would create a situation of uncertainty and confusion in which appellees in general would not know whether the judgment rendered in their favor was final and subject to execution or not.

In 4 C.J.S. 1040, Section 574, the general doctrine applicable to these cases is set forth as follows:

" . . . the statutes usually require a citation, summons, or notice of appeal to appellee or defendant in error, and compliance with the statute in this respect is generally essential to the exercise of the right of appeal *or to the jurisdiction of the appellate court, unless such citation or notice is waived, as will be explained at length in Section 595*. Actual knowledge of the appeal by appellee does not, as a general rule, dispense with the statutory requirements, although there is authority that the court may dispense with notice in that instance. *The legislature may dispense with citation or notice of appeal and citation or notice is not necessary, unless it is within the statutory requirements.*"

In the case of *Pankey* v. *Hot Springs Nat. Bank*, 84 P. (2d) 649, the court says, with respect to this problem:

"Wade in his text on New Mexico Appellate Procedure says that citation is the process by which a party is notified of an appeal taken or a writ of error sued out. Section 262. And that the purpose of the citation is to notify the opposite party that the cause has been removed to the superior tribunal *so that he may appear and protect*

*his rights. That it performs in a measure the same functions as a summons issued out of an inferior court.* Section 263. Citing *Dailey et al.* v. *Foster,* 17 N. M. 377, 128 P. 71. At Section 264, Mr. Wade says: *'Acts required by the statute to perfect an appeal are jurisdictional and must be strictly complied with to vest the appellate court with power to entertain the appeal.* (Citing *Farmers' Development Co.* v. *Rayado Land & Irrigation Co.,* 18 N.M. 138, 134 P. 216.) *Unless the citation therefore is issued in accordance with the statute, the appellate court will have no jurisdiction over the appellee or defendant in error on the return day and will be compelled to dismiss the proceeding.'* " (Italics supplied.) (Page 652.)

As the *Pankey* case shows, in the State of New Mexico the rules of the Supreme Court authorize the trial court to relieve the appellant from the effect of his negligence in not having served appellee with copy of the notice of appeal within the statutory period, by means of a motion to that effect and in the exercise of its discretion. But this is done because the Legislature of New Mexico in 1927 repealed all the existing provisions of law with respect to the service of the notice of appeal and empowered the Supreme Court to regulate this matter, as in effect it did when it approved Rule VII, whose first paragraph reads as follows:

"Within fifteen days after the allowance of an appeal or the issuance of a writ of error, the appellant or plaintiff in error shall give notice thereof to the opposite parties, and make proof of service to be filed in the district court. No party not so served shall be deemed an appellee or defendant in error unless brought in by order of the court allowing the appeal or writ of error, on motion of the appellant or plaintiff in error, heard as an adversary proceeding, and in discretion and on just terms."

It is true that the Supreme Court of New Mexico has decided that the failure to serve the appellee with copy of the notice of appeal within the statutory period is not jurisdictional and that it can prolong said period, but the reason for that decision is, as it was said in the case of *Childers* v. *Lahann,* 138 Pac. 202, cited in the *Pankey* case, *supra,* that

neither the statute, rules of court or local procedure require it "in clear and explicit terms."

In Puerto Rico the statute does require it in clear and explicit terms and although Section 8 of the Code of Civil Procedure grants power to the Supreme Court to adopt rules, said rules, it is expressly provided, shall not be "inconsistent with the laws of the Island", and to that effect, our Rule 60 provides that:

"Upon failure of the appellant to comply *with any of these rules imposing any duty or requirement on him, or with the law,* the court may, on any day, dismiss the appeal upon its own motion or, after notice to the appellant, upon motion of the appellee."

In the case at bar appellant failed to comply with the requirement of notification that the statute imposed on it and this Court, complying with the law and its rules and applying the general run of decisions, dismissed the appeal.

The reconsideration requested is denied.