[No. 3473.   Dec. 5, 1929.]

ROBINSON v. T. D. NEAL MERCANTILE CO. et al.

[283 Pac. 52.]

A. C. Voorhees, of Raton, for appellant.

Geo. E. Remley, of Raton, for appellees.

## OPINION OF THE COURT

SIMMS, J. Appellees move to dismiss this appeal on grounds which they claim are jurisdictional.

First, they say that no notice of appeal was given by appellant, as required by section 2, rule 5, Rules of Appellate Procedure, within five days after taking the appeal. It appears that a certain notice, properly captioned and entitled in the correct cause, was served by mail three days after the appeal was taken, but the body of the notice contained what was evidently a typographical error, in that it stated that a stranger to the record, by name, was taking the appeal. Failure to give this notice is not a jurisdictional defect, and appellees have neither alleged nor shown prejudice. Conley v. Davidson, 34 N. M. 421, 283 P. 52. The transcript was filed and docketed here September 23, 1929, on which day our clerk issued and mailed to counsel for appellee the citation required by section 1, rule 5. Appellees filed their motion to dismiss on the 18th of October following.

Next, appellees urge that the record does not contain any proof of service of the notice of appeal required by section 2, rule 5. What we have said in the foregoing paragraph disposes of this point also.

Finally, appellees contend that it appears from the face of the transcript herein that it contains less than the entire record, and that no præcipe was served upon their attorney, as required by section 4, rule 11. If this be true, it affords no ground to question jurisdiction, but appellees have their remedy under the provisions of section 14, rule 10, by the terms of which they may take steps to compel appellant to correct any omissions or deficiencies in the record. Farmers' Cotton Finance Corporation v. Green, 34 N. M. 206, 279 P. 562.

Since we find none of the objections jurisdictional, and no prejudice being alleged or shown, the motion of appellees to dismiss this appeal should be overruled; and it is so ordered.

WATSON and CATRON, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.