18 P.(2d) 657

**CRABTREE v. BOARD OF COM'RS OF SOCORRO COUNTY et al.**

No. 3869.

Supreme Court of New Mexico.

Jan. 23, 1933.

James G. Fitch, of Socorro, C. M. Botts, of Albuquerque, and John F. Simms, of Albuquerque, for appellant.

George S. Downer, of Albuquerque, for appellees.

SADLER, J.

The case is before us on appellee's motion to dismiss appeal.

The appellant applied for his appeal within twenty days of the expiration of the six-month period allowed for making such application, but failed to give notice of his intention so to do as required by section 2 of rule V, Rules of Appellate Procedure. Within five days after taking such appeal, appellant's attorney served upon appellee's counsel the notice prescribed by section 2 of rule V, supra, to the effect that an appeal had been taken. After expiration of the six-month period for taking an appeal, the court sustained a motion by appellee to set aside the order allowing appeal, basing its action upon the fact that notice of intention to apply therefor had not been given as required by the above-mentioned rule.

Section 2 of rule V, relied upon by appellee, reads as follows: "Within five days after taking an appeal, the appellant shall give written notice thereof to the attorney of record of the opposite party or parties. Proof of service of such notice shall be filed and shall be a part of the record proper. Provided; that an appeal, applied for less than twenty days before the expiration of the statutory time prescribed for taking appeals, shall be allowed only on proof of service upon the attorney of record of the opposite party or parties of notice of intention to apply for such appeal."

We have heretofore held, in Conley v. Davidson, 34 N. M. 421, 283 P. 52, and Robinson v. T. D. Neal Mercantile Company, 34 N. M. 436, 283 P. 52, that failure to notify within five days after taking appeal that an appeal had been taken is not jurisdictional, and that, where no showing of prejudice is made, a motion to dismiss should be overruled under the authority of section 3 of rule XIV. The last-mentioned rule provides: "No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits."

The jurisdictional character of the notice here involved is therefore immediately presented. If jurisdictional section 3 of rule XIV is without application, we have no discretion to waive it, and the motion to dismiss must be sustained. If directory, we may exercise our discretion to excuse it. In determining its character, we may look to its purpose. Primarily, the office of the notice is to advise an adversary of the appeal at a time when he himself may, if he so elects, by cross-appeal review any unfavorable portions of the judgment assailed.

It sometimes happens that a judgment or decree is not in its entirety favorable to the party who has chiefly prevailed. Nevertheless

he may be quite content to·accept the judgment as it stands, provided no review is sought by his adversary. Under the practice prevailing before adoption of this rule, by waiting until the last day or near thereunto to take his appeal, an appellant more often than otherwise would deny to his adversary the right to prosecute a cross-appeal, since notice of it would not be brought home to the latter before the time to appeal had expired. A compliance with this rule prevents such prejudice or unfairness. The rule is salutary, and should be scrupulously observed.

Nevertheless, where no prejudice is shown or claimed, and where the timeliness of the notice required after appeal, as in this case, fulfills the purpose of the omitted notice, a case is presented for excusing compliance, if not jurisdictional.

Our holding in the cases cited, supra, is persuasive that this notice is not jurisdictional. Furthermore, it must be remembered that the right of appeal and the time for its exercise are statutory. Section 1, c. 43, Laws 1917, section 105-2501, Comp. St. 1929. While the statute is incorporated in our Rules of Appellate Procedure (rule II), as are many other statutory provisions relating to appeals, this was done merely for the purpose of bringing together in one handbook of ready reference both the statutes and the rules of appellate procedure promulgated by this court. In our published rules, where a given rule so-called is merely the restatement of a statute, this fact is shown and the statute cited.

The statute granting the right of appeal and limiting the time for its exercise confers a substantial right. The privilege of review may in given cases be as important as the right of a hearing below. Under the statute, the power to grant appeals is vested in the district courts. When a party makes timely application for, and is granted, an appeal by such court, he has done everything required by the statute creating the right to transfer jurisdiction of the cause to this court. And, without in any manner questioning our power either inherently or under the statute (section 105-2525, Comp. St. 1929) to make rules for the government of the practice on appeals, the nonobservance of which may defeat a review in this court, such a result does not necessarily disaffirm jurisdiction of the appeal in this court. The effect may be the same, the loss of the right of review, yet the reason therefor widely different.

So in the case now before us we are constrained to hold nonjurisdictional the notice omitted below. The appellant through timely application, having duly secured an order from the district court allowing an appeal, had taken every step required under the statute conferring the right of appeal essential to effect the formal transfer of jurisdiction thereof to this court. The effect of a valid order so entered to make this transfer of jurisdiction may not be rendered innocuous for such purpose by a subsequent effort in the district court to rescind it. Jurisdiction being once vested in this court, the operation of our rules upon the case, in certain instances, will be such as to deny a review, but this does not mean that we have no jurisdiction to re-

view; rather that we decline so to do because of noncompliance with some rule adopted for salutary purposes.

Having determined the notice is not jurisdictional, we are pointed to the policy which section 3 of rule XIV enjoins upon us not to dismiss an appeal for other than jurisdictional grounds, except upon showing satisfactory to the court of prejudice to the moving party. Not only is that showing absent here, but it affirmatively appears that the primary purpose of the rule as hereinabove stated was accomplished by the giving of the five-day notice after appeal.

The motion to dismiss will therefore be denied, and it is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.