215 P.2d 354

**TINDALL v. BRYAN.**

No. 5207.

Supreme Court of New Mexico.

Aug. 29, 1949.

Krehbiel & Stevens, Clayton, for appellant.

Crampton & Robertson, Raton, Underwood, Wilson, Sutton Heare & Boyce, Amarillo, Texas, for appellee.

LUJAN, Justice.

Appellee moves to dismiss this appeal on grounds which he claims are jurisdictional.

First, he urges that the court is without jurisdiction to entertain this appeal because the statute conferring appellate jurisdiction in this court has been repealed. This raises the question whether Chapter 175, Laws of 1947, which repeals the law conferring appellate jurisdiction in this court is valid.

In 1917 the Legislature passed the general appellate-procedure act, Chapter 43, which reads as follows:

"Section 1. Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court of the State."

This section was brought into the 1929 Compilation as Section 105-2501, into 1941 Comp., Section 19-201 (5, subd. 1), as a Supreme Court Rule amended to limit the time for taking appeals to three months. It has constituted the controlling law permitting appeals to this court from final judgments rendered in civil actions. In 1947, the legislature enacted the aforementioned act undertaking to repeal certain obsolete and superseded laws. It attempted to repeal many other laws including the appellate jurisdiction of this court. The title is as follows:

"An Act To Repeal Obsolete And Superseded Laws Which Are Not Included In The New Mexico 1941 Compilation, As Shown In Parallel Reference Table Volume VI Of The 1941 Compilation."

It violates Section 16 of Article 4 of the constitution, in two ways: First, the title does not clearly express the subject of the bill; and, Second: It contains more than one subject.

Upon examination of the act in question we find that it repeals laws regarding various unrelated subjects, too numerous to be set out in detail, some of which were in full force and effect at the time of its passage. Yet, the evils of the species of omnibus legislation which the constitution was designed to prohibit, are all invited by the act thus framed. Johnson v. Greiner, 44 N.M. 230, 101 P.2d 183; State v. Scholl, 58 Kan. 507, 49 P. 668; Lewis v. Dunne, 134 Cal. 291, 66 P. 478, 55 L.R.A. 833, 86 Am.St.Rep. 257.

Our conclusion is that for the reasons stated, the act is unconstitutional, and is inoperative to change, or in any way affect any of the laws sought to be thereby repealed.

■ Next, appellee urges that no notice of appeal was served on him and therefore he is not deemed to be an appellee. The motion praying for an appeal and the Order allowing same were served on appellee in due time, and therefore he knew that the appeal was being taken. Further, no prejudice is alleged in his motion and none is shown in his brief. Conley v. Davidson, 34 N.M. 421, 283 P. 52; Robinson v. T. D. Neal Mercantile Co., 34 N.M. 436, 283 P. 52.

The motion of appellee to dismiss this appeal is overruled. It is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.