297 P.2d 1051

**The BARELAS COMMUNITY DITCH CORPORATION, a body corporate, et al., Plaintiffs-Appellees,**

**v.**

**CITY OF ALBUQUERQUE, New Mexico, a municipal corporation, Defendant-Appellant.**

**No. 5993.**

Supreme Court of New Mexico.

May 31, 1956.

Frank L. Horan, City Atty., Peter Gallagher and Albert T. Ussery, Sp. Counsel, Albuquerque, for appellant.

Robert Hoath LaFollette, Albuquerque, for appellees.

COMPTON, Chief Justice.

The question presented is whether the court erred in dismissing appellant's appeal from a final judgment rendered against it. The judgment was entered December 29, 1954. The court granted an appeal therefrom March 9, 1955. Notice of allowance of appeal as well as praecipe was also filed on the later date. On June 10, 1955, upon appellees' motion, the appeal was dismissed and appellant is seeking a review of the order of dismissal.

The pertinent part of the dismissal order reads:

"* * * That the defendant filed its motion for allowance of appeal and obtained an order of this Court allowing an appeal herein on the 9th day of March, 1955, filing and giving Notice of Appeal on the same day, and on said day filed a Praecipe for the record desired with the Clerk of this Court; that the return day was permitted to expire for docketing the cause in the Supreme Court, without the defendant having taken any further action of record in this cause and without it having seasonably applied for or obtained any extension of time for having the stenographer's transcript settled as a bill of exceptions or for filing transcript of record in the Supreme Court; that more than three months have elapsed since said 9th day of March, 1955, and the only action taken toward perfecting said appeal during that time was the filing of a second praecipe after the plaintiff's Motion to Dismiss Appeal had been filed, so that the Court concludes that *due diligence* has not been shown by the defendant in connection with the perfection of said appeal, and said appeal should be dismissed.

"Wherefore, It Is Ordered, Adjudged and Decreed that the appeal taken by the defendant herein on March 9th, 1955, be and the same is hereby dismissed." (Emphasis ours.)

It is well to state here that at the very time the motion to dismiss was under consideration, appellant also was moving for an extension of time within which to file the transcript. The court was advised that the record proper had been prepared and that

the delay in filing the transcript was due solely to the failure of the court reporter to complete the transcript.

The basis of the ruling is not clear. It would seem, however, the decision rests on the provisions of § 21–2–1(13)(7), 1953 Comp., our Rule 13(7) of Civil Procedure, which provides that an extension may be granted only on a showing of good cause and diligence and on the provisions of § 21–2–1(12)(1), 1953 Comp., as amended, our Rule 12(1) of Civil Procedure, which requires an appellant to furnish a copy of the praecipe to the court stenographer and to make satisfactory arrangements with him and the clerk for their compensation, which appellant failed to do. Even so, while these rules have their place in our jurisprudence, the trial court failed to properly evaluate the force of § 21–2–1(16) (4), Rule 16(4) our Rules of Civil Procedure. This rule provides:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a *showing,* satisfactory to the court, *of prejudice to the moving party,* or that the *ends of justice require the granting thereof.* No such motion will be entertained unless filed before the movant has filed his brief on the merits." (Emphasis ours.)

It is the announced policy of this court to dispose of causes on the merits. Clearly the motion is not based on jurisdictional grounds, and there was no showing of prejudice to appellees or that the ends of justice warrant the granting of a dismissal. Pankey v. Hot Springs National Bank, 42 N.M. 674, 84 P.2d 649; Fairchild v. United Service Corp., 52 N.M. 289, 197 P.2d 875; Tindall v. Bryan, 54 N.M. 112, 215 P.2d 354.

It follows that the failure to file the transcript within the time allowed was not fatal to appellant's right of appeal. Additional time to perfect the appeal should have been granted on such terms as the court may have deemed proper. New Jersey Zinc Co. v. Local 890 of International Union, etc., 57 N.M. 617, 261 P.2d 648; National Mutual Savings & Loan Ass'n v. McGhee, District Judge, 38 N.M. 442, 34 P.2d 1093.

Moreover, the amendment of Rule 12(1), supra, only affects judgments entered after its effective date, February 1, 1955. Section 21–3–1, 1953 Comp. It was not our intention to give to the rule retroactive operation so as to affect existing appeals. State v. Arnold, 51 N.M. 311, 183 P.2d 845; State v. Roy, 40 N.M. 397, 60 P. 2d 646, 110 A.L.R. 1; City of Raton v. Seaberg, 39 N.M. 544, 51 P.2d 606.

The order dismissing the appeal should be set aside with direction to allow appellant such additional time as may be reasonably necessary to perfect its appeal, and it is so ordered.

SADLER and KIKER, JJ., concur.

LUJAN, J., not participating.

McGHEE, Justice (specially concurring).

It is my belief the appeal was dismissed by the lower court for the reason the appellant had not complied with Amended Rule 12(1), Rules of Civil Procedure, requiring an appellant to furnish a copy of the praecipe to the court stenographer and to make satisfactory arrangements with the court stenographer and court clerk for their compensation. As stated by the Chief Justice, the amended rule was not intended to apply to cases where judgments had been filed prior to its effective date, and I concur in the opinion of the majority reinstating the appeal upon this ground.