312 P.2d 549

The BARELAS COMMUNITY DITCH COR-
PORATION, a body corporate, et al.,
Plaintiffs-Appellees,

v.

CITY OF ALBUQUERQUE, New Mexico, a
municipal corporation, Defendant-
Appellant.

No. 6159.

Supreme Court of New Mexico.

May 27, 1957.

Rehearing Denied July 1, 1957.

Frank L. Horan, Peter Gallagher, Albert
T. Ussery, Albuquerque, for appellant.

Robert Hoath LaFollette, Albuquerque,
for appellees.

26

SADLER, Justice.

The City of Albuquerque as appellant complains before us of a judgment rendered against it in favor of the plaintiff (appellee) Barelas Community Ditch Corporation, as trustee for numerous land owners, joined as co-plaintiffs and appellees here, in an action against defendant City for interfering with the flow of water through a certain concrete conduit contrary to an injunction theretofore entered against it in a cause on the civil docket of the district court of Bernalillo County recently pending.

The Barelas Community Ditch Corporation, a New Mexico corporation, as owner of Barelas Community Ditch system; Matias Chavez, chairman; Frank Candelaria and Irwin M. Garcia, members of the Ditch Commission; J. P. Gonzales, Mayordomo of the Corporation; and forty-nine named members and water users of the corporation, as plaintiffs, appellees herein, instituted this action in the district court of Bernalillo County, New Mexico, on January 29, 1954, against the City of Albuquerque, New Mexico, a municipal corporation, defendant and appellant herein.

In their complaint the plaintiffs alleged they had sustained substantial damage by reason of the construction by defendant of numerous obstructions in the form of public streets upon and across their Acequia Madre in violation of an earlier injunction imposed by the district court of Bernalillo County in a certain cause numbered 47,836, which enjoined the City from impairing the flow of water through a concrete conduit known' as the Lily Avenue Lateral. The plaintiffs prayed for actual and punitive damages in an aggregate sum totaling $318,000.

Thereafter, on May 11, 1954, the defendant filed its answer to the complaint so filed against it setting forth nine separate defenses. Subsequently, on May 25, 1954, the trial court granted leave to the plaintiffs to amend their complaint by increasing the damages claimed by $10,000.

Trial by jury was waived and the cause was heard on its merits before the Honorable R. F. Deacon Arledge, Judge, Division II, Second Judicial District of the State of New Mexico, on August 2, 1954. The court held two different hearings at which testimony and other evidence was taken, the last of which was on August 5, 1954. Thereafter, on August 9, 1954, the court filed its Memorandum Opinion in which it held that the defendant, by paving six streets had blocked the plaintiffs' main ditch in violation of the earlier injunction of June 10, 1952, in said cause No. 47,836. The matter of damages was left open at the hearings for determination at a later date, at which time the plaintiffs might prove the value of the land involved, and the value of the crops lost, a matter which the court would then take under advisement.

At a subsequent date, on October 20, 1954, the court conducted a conference with counsel for both sides and entered an order based thereon, entitled "Order on Conference," reading, as follows:

"At a conference held this October 20th 1954 by and between Robert H. LaFollette, Esq., representing plaintiffs herein and Messrs. Frank H. Horan, Esq., and Peter Gallagher, Esq., representing the City of Albuquerque, defendant, it is hereby stipulated and agreed and ordered that the Court will appoint a special master herein who will visit the premises of each of the forty-nine odd claimants herein and will view the premises; that these visits will be conducted together with a representative of each side of this controversy.

"That the said special master may take testimony but that it will not be necessary to reduce the said testimony to writing; that thereafter he will submit a report and recommendation to this Court concerning the size of the gardens or farms involved, and loss of crop for certain years as shall be indicated by the Court; that prior to the special master submitting said report, he will hear contentions and arguments of counsel and that after said report is submitted, the Court will again hear arguments of counsel and such further testimony as counsel for either side care to advance.

"The said special master will be named in a separate order herein.

"Done and dated at Albuquerque, New Mexico

s/R. F. Deacon Arledge
District Judge."

On November 1, 1954, a little more than a week later, the court entered its order appointing Dale Walker, Esq., a member of the bar practicing before said court, Special Master pursuant to the Order on Conference as set out above. Contrary to the terms of the Order on Conference in which it was provided the Special Master "will hear contentions and arguments of counsel prior to submitting a report," the Special Master filed his report with the court on December 29, 1954, without affording counsel such an opportunity. Contemporaneously with the filing of the Special Master's report, the plaintiffs filed with the court on the same date, December 29, 1954, requested findings of fact and conclusions of law without serving a copy of the same upon opposing counsel.

Likewise, and on the same date, December 29, 1954, and on the very eve of the Judge's retiring from the bench two days later, and without giving notice to the defendant or its counsel, the court rendered its final judgment in the action under the terms of which it "awarded judgment

against the defendant in the sum of $10,-350.00 on account of depreciation in value of land through the action of defendant and $9,687.60 on account of loss of crops for a two-year period."

Thereafter, on January 19, 1955, the defendant, by its attorneys, moved the lower court to set aside the judgment and dismiss the plaintiffs' suit or, in the alternative, to grant the defendant a new trial. On March 8, 1955, a document entitled "Further Reasons for Vacating Judgment and Dismissing Plaintiffs' Suit or Granting Defendant New Trial" was filed by the defendant wherein counsel for the City reminded the court of the recital in his Memorandum Opinion filed August 9, 1954, that he would "take this part of the case under advisement, furnish counsel with copy of a memorandum (opinion) so that we will all understand what I have decided as of to-date."

Counsel further alleged in said document that by reason of the court taking the matter under advisement, no judgment or order relative to the matters pertaining to the hearing could be entered until notice of same was given to the attorneys for the respective parties in the case. Counsel for defendant further claimed there was no notice to defendant of record that the court would make special findings of fact and conclusions of law, and render judgment on the same day that it received the Special Master's report. The court, nevertheless,

on March 9, 1955, overruled the defendant's motion to set aside judgment or, in the alternative to grant it a new trial.

Thereupon, upon the same date, the trial court entered its order declining to set aside the judgment of December 29, 1954, awarding damages against defendant in favor of plaintiffs. On, to-wit, March 9, 1955, the defendant moved the court to grant it an appeal to the Supreme Court which motion reads, as follows:

"Comes now the defendant, City of Albuquerque, a municipal corporation, by its attorneys, Horan and Gallagher, and moves the Court to grant an appeal to the Supreme Court of the State of New Mexico from the judgment of this Court entering judgment in behalf of said defendant."

On the same day, March 9, 1955, the court in an order, referring to the defendant's motion for appeal, granted the same in the following language:

"It is, therefore, ordered that the motion of defendant, City of Albuquerque, a municipal corporation, be and it is hereby granted and said defendant is granted leave to appeal the above entitled and numbered cause to the Supreme Court of the State of New Mexico."

Notice of allowance of the appeal, as well as the praecipe were filed forthwith on March 9, 1955. On June 10, 1955, the

ninety-third day after the date of the order allowing the appeal, the plaintiffs filed a motion to dismiss the appeal and the lower court granted the same on June 30, 1955. The action of the trial court in dismissing the defendant's appeal to this Court was made the subject of a separate appeal by an order of the trial court entered July 12, 1955.

The right of defendant to appeal from the trial court's order dismissing defendant's appeal was challenged in this Court but the right to prosecute the appeal, however, was sustained by us in the case of Barelas Community Ditch Corporation v. City of Albuquerque, 61 N.M. 222, 297 P.2d 1051, in an opinion written for the Court by Chief Justice Compton. The cause was remanded to the district court of Bernalillo County with a direction to set aside the order dismissing the appeal and allow the defendant such additional time as might be reasonably necessary to perfect its appeal. Conformably to such order, and on July 16, 1956, the court entered its order vacating the dismissal of the original appeal, reinstated the cause and allowed defendant ninety days therefrom within which to perfect its appeal.

From this point in treating the history of this case, chronologically, it will be necessary to recite briefly some of the background furnished by the former appeal. As a reference to the report of the opinion in that case will disclose, the plaintiffs as appellees have attempted, repeatedly, to end it by procuring a dismissal of defendant's appeal. See Barelas Community Ditch Corporation v. City of Albuquerque, supra. The trial court, as the opinion in that case shows, actually did dismiss the appeal taken from the final judgment awarding damages against the city, from which order of dismissal the City, as an appellant, brought the matters before us for review.

The plaintiffs (appellees) resisted a review here of the trial judge's action in dismissing the appeal on the ground the latter's action in so doing could not be made the subject of an appeal. We refused to uphold that claim and entertained the appeal, entering our order reversing the trial court's action in dismissing the appeal and ordered it, upon remand, to give the defendant a reasonable time within which to perfect its appeal.

Now, and preliminary to a consideration of this appeal on its merits, the plaintiffs, as appellees in this Court, move again to dismiss defendant's appeal. Subsequent to the reinstatement of the former appeal on its docket, as directed by our mandate in Barelas Community Ditch Corporation v. City of Albuquerque, supra, and out of super caution, as counsel for the City state, they prayed and were allowed an additional order of appeal on July 16, 1956, from the judgment of December 29, 1954.

Of course, if this were intended as an abandonment of the former order of appeal

taken March 9, 1955, it came much too late. It was only because the basis of former efforts to secure a dismissal of defendant's appeal were predicated upon a contention that the motion and order thereon did not specifically pin-point the judgment from which the appeal was taken, that counsel pursued this course.

We think there could not have been the slightest doubt about the judgment from which the appeal was prosecuted in the original order of March 9, 1955, namely, the one awarding damages in excess of $20,000 against the City. There is even less room for speculation as to the City's reason for pin-pointing the judgment appealed from by securing the second order of appeal in view of the grounds of previous efforts to dismiss appeal. The motion to dismiss the appeal is denied. This leaves for consideration and determination the merits of defendant's appeal to which we shall now address ourselves.

The defendant's Points I and II are so interrelated, they may be argued together and if either be sustained it will be unnecessary to consider the further claims of error presented by the appellant-defendant. The two Points mentioned read as follows:

### "Point I

"The action of the court in rendering final judgment in this cause after the same had been taken under advisement without giving notice to the de-fendant or its attorneys constituted prejudicial error.

### "Point II

"The trial court materially prejudiced the defendant's substantial rights by approving the special master's report and by rendering final judgment immediately thereafter without notice to the defendant or permitting the defendant to be heard."

On August 29, 1954, the court took the cause under advisement, after having first heard the testimony of certain witnesses and considered other evidence theretofore produced. Subsequently, and on October 20, 1954, the trial judge presided at a conference with counsel for both sides during which it was stipulated and agreed by the parties that a Special Master would be appointed by the court to view the premises involved in the litigation. As an outgrowth of said conference, the trial court entered what was called an Order on Conference, reading in part, as follows:

"That the said special master may take testimony but that it will not be necessary to reduce the said testimony to writing; that thereafter he will submit a report and recommendation to this Court concerning the size of the gardens or farms involved, and loss of crop for certain years as shall be indicated by the Court; *that prior to the special master submitting said report, he will hear contentions and argu-*

*ments of counsel and that after said report is submitted, the Court will again hear arguments of counsel and such further testimony as counsel for either side care to advance."* (Emphasis ours.)

The Special Master was duly appointed on November 1, 1954, and proceeded with his duties, visiting the premises with an attorney for each side, and made and filed his Special Master's Report on December 29, 1954. It was approved by the court on the same day filed and final judgment approving it was entered the same day.

It readily may be seen that defendant's Points I and II take common ground in emphasizing the prejudicial character of the trial court's action in approving the Special Master's Report and entering final judgment based upon it the very day the Report was filed. It is to be recalled, the cause was taken under advisement on August 4, 1954, after the taking of testimony of certain witnesses and the presentation of some other evidence. On October 20, following, the court conducted a round table between counsel for both sides where it was stipulated and agreed the court would appoint a Special Master to view the premises involved in the litigation.

The Special Master was appointed on November 1, 1954, and it was some two months later, on December 29, 1954, when he submitted his Report. As just indicated, this Report was confirmed by the court on the same day on which it was filed, and final judgment entered immediately thereafter. It is this swift action on the part of the court that draws the strongest challenge from counsel for the City. They say it was done without notice to them, or the City, and in direct violation of the court's Order on Conference quoted, supra. That document as will be recalled provided, in substance, and specifically, "that prior to the special master submitting the report, he would hear contentions and arguments of counsel and after said report was submitted, the court would again hear arguments of counsel and such further testimony as counsel for either side cared to advance."

Counsel for the City argue, heatedly, they were thus denied the right to be heard upon the matters contained in the Special Master's Report before the same was filed, thereby constituting not only (1) an open violation of the Order on Conference but, also, (2) a direct breach of the stipulation between the parties on that point. Without doubt, it impresses us, counsel are correct in asserting this constituted material prejudice to the defendant's substantial rights.

It is provided by Rule 53 (e), subsections 1 and 2, 1953 Comp. § 21–1–1 (53), as follows:

"(e) Report.

"(1) *Contents and Filing.* The master shall prepare a report upon the .

matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and unless waived by the parties he shall file with it a transcript of the proceedings and of the evidence and the original exhibits. The clerk shall forthwith mail to all parties notice of the filing.

"(2) *In Nonjury Actions.* In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous. Within ten (10) days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6 (d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

The following steps are thus required upon the incoming of the special master's report, under the provisions of Rule 53 (e), to-wit: (1) The clerk must forthwith notify by mail all parties that the report has been filed; (2) thereafter, the parties to such an action have ten days from the date they were served with the notice of the filing of the special master's report within which to make their objections thereto; (3) any party wishing to secure action upon the special master's report, or upon any objections made thereto, shall do so by motion and serve a copy of the motion together with a notice of the hearing thereof upon all parties to the action no later than five days before the time specified for the hearing in accordance with Rule 6 (d) of the Rules of Civil Procedure; (4) after a hearing upon the matter, the court may adopt, modify or reject the special master's report in whole or in part, or it may receive further evidence upon the matter or may recommit it to the special master with instructions.

A mere reading of the foregoing steps required under Rule 53 (e) discloses the wide variance between the steps to be taken after the filing of a special master's report and what actually took place in this case. The report was filed, approved and final judgment entered thereon on the same day, December 29, 1954. When it is recalled that the presiding judge before whom this cause had theretofore been pending and who took all the steps antedating appeal including the appointment of the special master, had only two more days of his term left before leaving the bench by reason of the expiration of his official tenure, the occasion for the great

speed disclosed is explained, even though it may not be justified.

We take this summation of their argument from the closing portion of the brief in chief of counsel for the defendant, as giving an accurate statement of the City's position, to-wit:

"Thus, the trial court disregarded completely the mandate of Rule 53(e) (2) in confirming the Special Master's Report and in rendering Final Judgment in this case knowing that the provisions of that rule had not been complied with in the following particulars:

"1. The clerk had not mailed notice of the filing of the Special Master's Report to the Defendant.

"2. The Defendant was not allowed ten (10) days within which to file written objections thereto.

"3. No application to the court for action upon the Special Master's Report was served upon the Defendant or its counsel.

"4. No notice of hearing upon the Special Master's Report was served upon the Defendant or its counsel.

"5. The court conducted an ex parte hearing on the matter and adopted the Special Master's Report in its entirety.

"Accordingly, the Defendant's right to notice and for opportunity to be heard upon the matter of the Special Master's Report, as required by Rule 53(e) of the Rules of Civil Procedure, was effectively denied the Defendant and constituted prejudicial error."

It would require no more than a reading of what was done and left undone in connection with the Special Master's Report following its filing to establish prejudicial error in the proceedings sufficient to warrant a reversal of the judgment in this case. When we concluded the reading of the argument of counsel for defendant under their Points I and II, we actually began to speculate and wonder what could be the answer of plaintiffs to such overwhelming proof of utter disregard of orderly procedure in action on the Special Master's Report. We are confident the reader will share the same wonderment in reaching this stage of our opinion.

Well, here is the answer of the plaintiffs. Concerned as counsel must have been in seeing the time running out on plaintiffs by reason of the trial judge's tenure expiring two days away, counsel presented one of the attorneys for the City with the following papers, or copies of them, on December 29, 1954, to-wit:

1. Special Master's Report

2. Plaintiff's Requested Findings of Fact and Conclusions of Law

### 3. Final Judgment.

At that time, Peter Gallagher, one of special counsel for the City, whose regular attorney was confined to his bed with pneumonia, just below the word "Submitted," signed his name, "Peter Gallagher." Thus it is that the final judgment in the left hand margin to the left of the judge's signature at the end of the judgment bears this endorsement, to-wit:

> "OK
> s/RHL
> for Pls
> Submitted:
> s/Peter Gallagher"

It is on this slender reed that counsel for the plaintiffs must and does rest his entire justification for the omission by the court to follow the prescribed course in connection with the filing of the Special Master's Report. It is not claimed the attorney for the City said or did anything beyond what appears at the foot of the judgment above his signature—"Submitted." But upon that one word the plaintiffs plant themselves, and from that supposed vantage point, as they seek to establish it, they wage their entire defense to the glaring omissions disclosed by the record in securing confirmation of the Special Master's Report and the final judgment based thereon.

The mere fact that one of counsel for the City acknowledged receipt of a copy of the proposed judgment by signing his name below the word "Submitted" and failed to submit requested findings and conclusions,—these acts or omissions, are said to constitute, not only a waiver of the right to appeal but as well a consent to the entry of the judgment against the City. No opportunity was given its counsel to prepare and present proposed findings and conclusions. As shown above, it was the duty of the court, having had the cause under advisement, to notify counsel of his proposed judgment and give them an opportunity to present findings and conclusions. 1953 Comp. § 21–9–2; Fullen v. Fullen, 21 N.M. 212, 153 P. 294.

In addition to this requirement, we have also Rule 53 (e), 1953 Comp., § 21–1–1 (53), commented on hereinabove, as well as the provisos of the Order on Conference. Each and all of these Rules and Stipulations are to be disregarded and ignored, or so counsel for plaintiffs argues, because one of the City's attorneys acknowledged receipt of a copy of the proposed judgment by signing his name below the word "Submitted." The argument lacks merit.

We think the record adequately demonstrates that grievous error was committed against defendant by the trial court in permitting counsel for the plaintiffs to push forward to final judgment, either on his own initiative or upon urgings of the trial judge in a commendable desire to write finis to cases pending on his docket which

already had been tried, before retiring from the bench. However commendable that desire might be, under ordinary circumstances, it should not have been permitted to strike down some of the elemental concepts of lawful procedure and due process.

At most, the endorsement at the foot of the judgment constituted acknowledgment of receipt of a copy of the judgment and an admission by defense counsel that it was agreeable to him as to form and sufficiency—not that defendant was signing away its right to an appeal upon which it could review the highly prejudicial procedure leading up to approval of the Special Master's Report and entry of judgment.

The trial court erred in overruling defendant's motion to set aside the judgment, filed seasonably after its entry. Yet, had there never been a motion to set aside the judgment or, in the alternative, for a new trial, the manner of securing confirmation of the Special Master's Report and entry of final judgment thereon, all on the same day, without following the prescribed procedure as to notice and an opportunity to be heard, would expose the judgment reviewed to serious challenge upon the ground of fundamental error within the doctrine applied in the venerable case of State v. Garcia, 19 N.M. 414, 421, 143 P. 1012, and its offspring.

The conclusions announced render unnecessary a consideration of other claims of error urged upon us by counsel for defendant. When the order confirming the Special Master's Report and the judgment based thereon are set aside and the defendant is given an opportunity to object to the Report and its approval, it is by no means certain that other questions now urged, in addition to those we have decided, will arise again.

Accordingly, the judgment is reversed and the cause remanded with a direction to the trial court to reinstate the cause on its docket, set aside the judgment of December 29, 1954, as well as the order confirming the Special Master's Report, and for further proceedings in conformity with the views herein expressed.

It is so ordered.

COMPTON and KIKER, JJ., concur.

McGHEE, J., concurring specially.

LUJAN, C. J., not participating.

McGHEE, Justice (specially concurring).

The attorneys for the city did nothing to prevent the entry of the order approving the report of the special master and the signing of the judgment although they knew of the action the judge intended to take. I consider such inaction constituted a waiver of the conditions of the stipulation, and a tacit consent to the entry of the judgment without further ado.

The record made before Judge Arledge prior to the appointment of the master clearly showed the plaintiffs had been paid for their water rights in this ditch by the Rio Grande Conservancy District many years before the claimed damages which formed the basis for this suit.

In later years they were given surplus water when it was available but during the year for which damages were granted there was no surplus water and none was turned into the ditch involved in this case, so there was absolutely no basis for the damages awarded for loss of crops in the year named in the report and judgment.

I concur in the result.