465 P.2d 279

**Dorothy GRAY, as next friend of Peggy Jo Flint, a/k/a Peggy Jo Flint Ostrom, Plaintiff-Appellant,**

**v.**

**Jack Warren FLINT, Defendant-Appellee.**

**No. 8890.**

Supreme Court of New Mexico.

Feb. 20, 1970.

Ann Wilcox Hood, Albuquerque, for plaintiff-appellant.

M. J. Clayburgh, Albuquerque, for defendant-appellee.

OPINION

WATSON, Justice.

The defendant in this cause was personally served in Abilene, Texas. His attorney entered a special appearance and moved to dismiss for failure of process. This motion was granted on January 22, 1969.

On February 10, 1969, three documents were simultaneously filed with the clerk of the district court of Bernalillo County. These were:

(1) A Motion for Rehearing of the Dismissal of January 22, 1969 filed pursuant to Rule 60(b), § 21-1-1(60)(b), N.M.S.A., 1953 Comp.;

(2) An Order granting a rehearing on the dismissal order of January 22, 1969; and

(3) A Notice of Appeal to the Supreme Court from the dismissal order of January 22, 1969.

On March 6, 1969, the rehearing was held and one witness testified. At the conclusion of the hearing the court announced that it still felt it lacked jurisdiction and said: "I am ruling that way again for the record." No written judgment or order was entered thereafter. Bouldin v. Bruce M. Bernard, Inc., 78 N.M. 188, 429 P.2d 647 (1967). But both parties have considered this an appeal from the order on rehearing. The questions presented in the briefs relate to the issues based on the rehearing; yet the only notice of appeal is from the order of January 22, 1969.

Recognizing the desirability of disposing of cases on their merits, Barelas Community Ditch Corporation v. City of Albuquerque, 61 N.M. 222, 297 P.2d 1051 (1956), we will assume that the order granting a rehearing was filed before the notice of appeal. Thus the filing of the notice of appeal from the order of January 22, 1969, was a nullity, as the order of January 22 was vacated by the granting of the rehearing, leaving nothing to appeal from. 39 Am.Jur., New Trial, § 204; Stathatos v. Arnold Bernstein S. S. Corp., 202 F.2d 525 (2nd Cir. 1953).

No final judgment having been entered in the cause from which an appeal can be taken at this time, we find that the appeal is premature and the same is hereby dismissed.

It is so ordered.

MOISE, C. J., and TACKETT, J., concur.