527 P.2d 320

Meliton **NOLASCO** and Albina Nolasco, his wife, Plaintiffs-Appellees,

v.

Nicasio **NOLASCO** and Vivian Nolasco, Defendants-Appellants.

No. 9709.

Supreme Court of New Mexico.

Oct. 11, 1974.

Walter K. Martinez, Grants, for defendants-appellants.

Knight, Sullivan & Villella, Albuquerque, for plaintiffs-appellees.

## OPINION

CAMPOS, District Judge.

Meliton and Albina Nolasco, appellees, filed a quiet title action against, among others, Nick (Nicasio) and Vivian Nolasco, appellants. In response to a motion to appoint a special master, the trial court did so. The motion prayed appointment so that the special master could survey the premises and determine "whether or not any boundary conflicts exist" between the appellees and the appellants. The special master, on June 8, 1971, filed his report. Appellees then moved that the court accept the special master's findings. On December 28, 1971, for reasons not explained on the record, the court entered an order resubmitting the matter to the special master. This order, in pertinent part, read as follows:

"It is ORDERED:

"1. * * *

"2. That the Special Master set the time and place for the first meeting of the parties or their attorneys to be held within twenty (20) days after the date of this order of reference and shall notify the parties or their attorneys.

"3. That the Special Master will make a specific finding as to the width of Tract 122, Map 24 of the Middle Rio Grande Conservancy District.

"4. That the Special Master shall file another Report of the Special Master indicating his findings and conclusions reached after the first meeting of the parties hereinbefore ordered."

On January 17, 1972, the special master filed a supplemental report. This report refers to a meeting between the lawyers and the special master on November 1, 1971, almost two months before the court order was entered. The report is silent as to compliance with the order of December 28, 1971, that the special master set a time and place for a "first meeting" of the parties. Appellants objected to the report on the specific ground that the special master did not comply with the court's directive to conduct a first meeting or hearing.

It is the position of appellants that the failure of the special master to comply with the order of December 28, 1971, to set a time and place for a first meeting or hearing, and the subsequent acceptance by the court of the findings of the special master, notwithstanding the fact that a meeting or hearing was never held, is error. We agree and reverse.

The meeting of November 1, 1971, cannot possibly be the "meeting" ordered by the court on December 28, 1971. Rule 53(d)(1), Rules of Civil Procedure (§ 21-1-1(53)(d)(1), N.M.S.A.1953 [Repl.Vol. 4, 1970]), provides for a "first meeting." The reasons for such a meeting seem obvious enough. It gives the parties the opportunity to meet with the special master and present to him their testimony, evidence and viewpoints so that the special master, in turn, can prepare his report to the court. That opportunity, regardless of what had preceded at other times between the special master and the attorneys, was denied the appellants after the resubmittal. Appellants were entitled to this opportunity to be heard before the special master. See Barelas Community Ditch Corp. v. City of Albuquerque, 63 N.M. 25, 312 P.2d 549 (1957). This denial requires reversal for further proceedings consistent with the views herein expressed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.